UNITED STATES of America Plaintiff–Appellee,

v.

Robert Dean ENGLISH a/k/a Bobby English (90–5106); and Raymond English (90–5105) Defendants–Appellants.

Nos. 90–5105, 90–5106.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 30, 1990.

Decided Feb. 4, 1991.

Joseph M. Whittle, U.S. Atty., Terry Cushing, Asst. U.S. Atty. (argued), David P. Grise, Asst. U.S. Atty., Louisville, Ky., for U.S.

Richard L. Walter (argued), Boehl, Stopher, Graves & Deindoerfer, Paducah, Ky., for Raymond English.

Rickie A. Johnson (argued), Mayfield, Ky., for Robert Dean English.

Before MERRITT, Chief Judge, JONES, Circuit Judge, and WELLFORD, Senior Circuit Judge.*

* The Honorable Harry W. Wellford assumed senior status January 21, 1991.

**PER CURIAM.** Defendants-appellants Robert and Raymond English appeal their drug-related convictions in the district court. We affirm in part and reverse in part.

## I.

In early 1987, Raymond English and Omar Lopez met in Florida. Lopez pretended to be a legitimate businessman but, in fact, was importing cocaine into the United States. Raymond English began to get cocaine from Lopez. In March 1987, Raymond English moved back home to Marshall County, Kentucky. When he returned to Kentucky, he brought cocaine with him. He went into the cocaine business with his brother, Robert English. The cocaine soon ran out and Raymond began to repeatedly return to Florida to obtain more cocaine.

After a few months, Raymond English built up a debt to Omar Lopez for cocaine. Because of the debt, Lopez refused to give Raymond English any more cocaine. Raymond English found a new source for cocaine, Jimmy Davis. Davis did not have cocaine but knew someone in Atlanta, Georgia, who could supply it, convicted drug dealer Harry Downs. Raymond English would tell Davis when to go to Atlanta and how much cocaine to buy. He also provided Davis with the money to buy the cocaine. When Raymond English got the cocaine back to Marshall County, Kentucky, he would distribute it to his brother, Robert English, as well as to others. Donna Stevenson, Raymond English's live-in girlfriend, kept records of some of the transactions.

Cocaine would go from Raymond to Robert English. At Robert's residence, the cocaine would be repackaged and "cut." Robert and his wife, Tammy English, cut and packaged the cocaine. Once the cocaine had been cut and packaged, it would be sold from Robert's residence. They sold the cocaine to persons who would either use it or resell it.

Raymond and Robert participated in this organized scheme continuously for over

two years. They made thousands of dollars in profits from it. Although Raymond reported very little income in 1987, investigation and testimony revealed that people in the community received thousands of dollars in payments from Raymond.

After his arrest, Raymond confessed to being involved in the cocaine trade. He also admitted selling cocaine from his house, providing cocaine to Robert, and making money from the profits of the drug trafficking activities.

On April 17, 1989, a grand jury returned a twelve-count indictment against Robert and his brother, Raymond. The indictment charged as follows: count one of the indictment charged both Robert and Raymond with knowingly and intentionally engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848; count two charged Raymond with willfully attempting to evade and defeat federal income tax due, in violation of 26 U.S.C. § 7201; count three charged both Robert and Raymond with conspiring to possess with the intent to distribute in excess of five kilograms of cocaine, in violation of 21 U.S.C. § 846; count four charged Raymond with possessing with the intent to distribute over five kilograms of cocaine, in violation of 21 U.S.C. § 841(a)(1); counts five through eleven charged Raymond with a series of cocaine distributions, in violation of 21 U.S.C. § 841(a)(1); counts seven through twelve charged Robert with a series of cocaine distributions, in violation of 21 U.S.C. § 841(a)(1).

Robert English pled guilty to counts seven through twelve of the indictment. The jury returned guilty verdicts on all remaining counts. From these convictions, both Robert and Raymond English appeal. The issues presented on appeal are: (1) whether there was sufficient evidence to support the convictions; (2) whether the trial court erred in its instructions to the jury; (3) whether counts four through eleven of the indictment against Raymond English should be vacated as lesser included offenses of count one; and (4) whether the convictions for count three of the indict-ment should be vacated as lesser included offenses of count one.

## II.

The first issue on appeal is whether there was sufficient evidence to support the convictions below. The standard of review here is whether "after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Martin*, 897 F.2d 1368, 1373 (6th Cir.1990) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979)).

## A.

The first issue concerning the sufficiency of the evidence is whether the evidence was sufficient to support Robert and Raymond English's convictions under count one of the indictment for engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848. There are five elements in a continuing criminal enterprise offense: (1) a felony violation of the federal narcotics law; (2) as part of "a continuing series of violations;" (3) "in concert with five or more persons;" (4) for whom the defendant is an organizer or supervisor; and (5) from which he derives substantial income. 21 U.S.C. § 848(c) (1988); *United States v. Davis*, 809 F.2d 1194, 1203 (6th Cir.), *cert. denied*, 483 U.S. 1007, 107 S.Ct. 3234, 97 L.Ed.2d 740 (1987).

Robert and Raymond English contend that there was insufficient evidence to convict them for engaging in a continuing criminal enterprise because the government failed to prove that they acted in concert with five or more persons with respect to whom they "occupie[d] a position of organizer, a supervisory position, or any other position of management." 21 U.S.C. § 848(c)(2)(A).

Robert English argues that the only evidence which tended to show that he acted as an organizer, supervisor or manager related to Tammy English. Robert English concedes that the government's evidence

shows that other individuals bought cocaine from him to sell to third parties but argues that the record is void of substantial and competent evidence to support a finding that four other individuals, in addition to Tammy English, were being organized, supervised or managed by him.

Raymond English similarly asserts that the government failed to establish that he acted as an organizer or supervisor over five or more persons. He argues that the only person over whom it can be said that he was an organizer or supervisor is Donna Stevenson.

Concerning the element that the defendant be in the position of an organizer or supervisor with respect to five other persons, this circuit has stated:

> the relationship requirement in a § 848 case is flexible. The defendant's relationship with the five other individuals need not exist at the same moment. There can exist separate, individual relations with the five persons. And, the five individuals need not act at the same time.

*United States v. Davis,* 809 F.2d at 1204 (citing *United States v. Sinito,* 723 F.2d 1250, 1261 (6th Cir.1983), *cert. denied,* 469 U.S. 817, 105 S.Ct. 86, 83 L.Ed.2d 33 (1984)). While the relationship requirement is somewhat loose as to the specific role each of the five persons must play in the criminal enterprise, simply purchasing cocaine from the "organizer" standing alone is not enough to satisfy the relationship requirement. *United States v. Jenkins,* 904 F.2d 549, 553 (10th Cir.), *cert. denied,* — U.S. ——, 111 S.Ct. 395, 112 L.Ed.2d 404 (1990) ("proof of a buyer-seller relationship alone is insufficient to establish managerial role, however, additional evidence of formal or informal authority respecting a purchaser's conduct may suffice") (citing *United States v. Jones,* 801 F.2d 304, 309–10 (8th Cir.1986)). In *United States v. Jones,* 801 F.2d 304 (8th Cir.1986), the court found the relationship requirement satisfied because the defendant exercised control over his customers by, among other things, instructing them as to the language they could use to refer to drugs over the phone, by setting the prices for the drugs, by dictating whether the sales would be cash or credit, by telling them who they could sell the drugs to, by forcing his customers to pay promptly, and by dictating the quality of the drugs. *Id.* at 308–09. Further, in *Jones* a person was found to be under the defendant's organization or supervision because she knew about the drug operation, took orders directly from the defendant and helped in the drug business. *Id.* at 309.

In *Jenkins,* 904 F.2d at 554, defendant was found to have acted as an organizer, supervisor or manager over persons who allowed him to store marijuana at their home, who defendant regularly fronted drugs and who the defendant instructed as to the sales terms. The defendant in *Jenkins* was also found to be a supervisor over persons who brokered his purchases, transported his marijuana, carried out his transactions and arranged for storage. *Id.*

In addition to Tammy English, a rational jury could have found that Robert English had more than five customers whom he controlled by, among other things, dictating sales terms, by telling them whom they could sell the drugs to, and by forcing his customers to pay promptly. Further, a rational jury could have found that Robert had person(s) who enforced his payment scheme, and that he had at least one broker/courier under his supervision. In addition to Donna Stevenson, a rational jury could have found that Raymond English had at least two brokers/couriers under his supervision, that Robert English was under Raymond's organization, and that persons whose homes he used to store cocaine (at least two) were under his organization. *See Jenkins,* 904 F.2d at 554 (persons found to be under defendant's supervision who "sometimes helped [him] store large quantities of marijuana at their home in exchange for a discount on the drug"). Applying *Jenkins, Jones* and *Davis* to the case at hand, we conclude that a rational jury could have found that Robert and Raymond English acted as an organizer or supervisor over five or more persons. *See United States v. Beverly,* 913 F.2d 337, 352–53 (7th Cir.1990) ("it is well-settled

that the law 'does not make the identity of the five important' "); *United States v. Linn,* 889 F.2d 1369, 1374 (5th Cir.1989), *cert. denied,* —— U.S. ——, 111 S.Ct. 43, 112 L.Ed.2d 19 (1990) (jury not required to determine unanimously the identities of the five individuals whom defendant supervised, organized or managed). Therefore, we conclude that there was sufficient evidence from which a rational jury could have found beyond a reasonable doubt that Robert and Raymond English supervised, organized or managed the activities of at least five or more persons.

### B.

■ The second issue regarding the sufficiency of the evidence is whether the evidence was sufficient to support Raymond English's conviction for income tax evasion, in violation of 26 U.S.C. § 7201. Raymond English contends that the government failed to establish the requisites of the charge in count two: namely, that he committed a violation of the Internal Revenue Code in the Western District of Kentucky. The government argues that at no time during trial or even in post-trial prayer for relief did Raymond English raise the issue concerning the location of the offense. Hence, the government contends that because no contemporaneous objection was made during the trial, this court should not reverse the trial court unless there is plain error.

Count two of the indictment charged that Raymond English attempted to evade income tax due and owing by the sale of controlled substances "in the Western District of Kentucky; by the making of expenditures in U.S. currency in the Western District of Kentucky and by preparing and causing to be prepared, and by signing and causing to be signed in the Southern District of Florida, a false and fraudulent income tax return. Appellant argues that because there was no evidence to show that the acts connected with the tax return itself were committed in the Western District of Kentucky, venue was improper.

To prove income tax evasion under 26 U.S.C. § 7201, the government must estab-

lish willfulness, the existence of a tax deficiency and an affirmative act constituting an evasion or attempted evasion of the tax. *United States v. Hook,* 781 F.2d 1166, 1171 n. 4 (6th Cir.), *cert. denied,* 479 U.S. 882, 107 S.Ct. 269, 93 L.Ed.2d 246 (1986) (citing *Sansone v. United States,* 380 U.S. 343, 351, 85 S.Ct. 1004, 1010, 13 L.Ed.2d 882 (1965)). Given the evidence presented, a rational jury could have found beyond a reasonable doubt that Raymond English illegally evaded the payment of income taxes due and owing.

Proof of venue is an element of the government's case in a criminal prosecution for tax evasion. *United States v. Burkhart,* 501 F.2d 993, 996 (6th Cir.1974), *cert. denied,* 420 U.S. 946, 95 S.Ct. 1326, 43 L.Ed.2d 424 (1975). An objection to venue, however, may be waived. *Id.; see also United States v. Turley,* 891 F.2d 57, 61 (3d Cir.1989); *United States v. Martin,* 732 F.2d 591, 593 (7th Cir.1984). Raymond English is not allowed to challenge venue on appeal because the issue was not raised in the court below. *Burkhart,* 501 F.2d at 996; *United States v. Sopczak,* 742 F.2d 1119, 1123 (8th Cir.1984).

### III.

The second issue on appeal is whether the trial court erred in its instructions to the jury. "The trial court is 'vested with broad discretion in formulating its charge and will not be reversed unless the charge fails accurately to reflect the law.' " *United States v. Busacca,* 863 F.2d 433, 435 (6th Cir.1988), *cert. denied,* 490 U.S. 1005, 109 S.Ct. 1640, 104 L.Ed.2d 156 (1989). *See also Lewis v. City of Irvine,* 899 F.2d 451, 456 (6th Cir.1990) (" '[a] party is not entitled to a new trial based upon alleged deficiencies in the jury instructions unless the instructions, taken as a whole, are misleading or give an inadequate understanding of the law' ").

### A.

■ Appellants first contend that the trial judge erred in refusing to instruct the jury that as an element of the continuing

criminal enterprise charge it must unanimously agree on the identity of the five or more persons required in a continuing criminal enterprise violation.

The question presented here is whether the continuing criminal enterprise (CCE) statute requires the jury to agree unanimously on the identities of five particular persons, or whether it permits individual jurors to differ as to which particular persons constitute the group of five. Five Circuits have addressed this issue. The weight of authority does not support appellants' position.

All of the circuits addressing this issue have held that the CCE statute does not require that the jury unanimously agree on the five persons supervised by a defendant. *United States v. Linn*, 889 F.2d 1369, 1374 (5th Cir.1989), *cert. denied,* — U.S. —, 111 S.Ct. 43, 112 L.Ed.2d 19 (1990); *United States v. Jackson*, 879 F.2d 85, 87 (3d Cir. 1989); *United States v. Tarvers*, 833 F.2d 1068, 1074–75 (1st Cir.1987); *United States v. Markowski*, 772 F.2d 358, 364 (7th Cir. 1985), *cert. denied,* 475 U.S. 1018, 106 S.Ct. 1202, 89 L.Ed.2d 316 (1986); *United States v. Raffone*, 693 F.2d 1343, 1347–48 (11th Cir.1982), *cert. denied,* 461 U.S. 931, 103 S.Ct. 2094, 77 L.Ed.2d 303 (1983) (holding that the failure of a trial court to instruct a jury that they had to be unanimous in deciding which five persons a defendant supervised is not plain error). We follow and hereby do adopt the well-reasoned opinions of the First and Third Circuit Courts of Appeals in *Jackson* and *Tarvers.*

### B.

■ The second issue concerning jury instructions is whether the trial court erred in refusing to instruct the jury that the five persons necessary to prove CCE must be named in the indictment. Appellants argue that failure to instruct the jury that the five or more supervisees necessary for a conviction under the CCE statute must come from the indictment violates their due process rights. We disagree.

There is no requirement that the trial judge instruct the jury that the five or more supervisees necessary for a convic-tion under the CCE statute come from names specifically listed in the indictment. *Fama v. United States,* 901 F.2d 1175, 1177 (2d Cir.1990); *United States v. Zanzucchi,* 892 F.2d 56, 58 (9th Cir.1989) ("[A]bsent a specific showing of surprise or prejudice, there is no requirement that an indictment or a bill of particulars identify the supervisees in a CCE case."); *United States v. Bond,* 847 F.2d 1233, 1237 (7th Cir.1988) (government used "open files" discovery).

Appellants rely on *United States v. Chavez,* 845 F.2d 219 (9th Cir.1988), for their contention. We do not think that the *Chavez* decision supports appellants' position here. It matters not because *Chavez* has been withdrawn. *United States v. Zanzucchi,* 892 F.2d 56 (9th Cir.1989). Therefore, we conclude that the trial judge's jury instructions did not violate appellants' right to due process.

### IV.

The third issue on appeal is whether counts four through eleven of the indictment should be vacated because they constitute lesser included offenses of count one. Count four charged Raymond English with possession with intent to distribute, while counts five through eleven charged him with a series of distributions. Raymond English's contention that his convictions under 21 U.S.C. § 841(a)(1) are lesser included offenses of 21 U.S.C. § 848 is precluded by *Garrett v. United States,* 471 U.S. 773, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985). *See also United States v. Mahar,* 801 F.2d 1477, 1504 n. 45 (6th Cir.1986) (holding that *Garrett* precludes this very argument).

### V.

■ The fourth and final issue on appeal is whether the convictions for count three of the indictment should be vacated as lesser included offenses of count one. Count three of the indictment charged both Raymond and Robert English with conspiring to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846. Count one

of the indictment charged Raymond and Robert English with knowingly and intentionally engaging in a continuing criminal enterprise, in violation of 21 U.S.C. § 848. Appellants contend that their conspiracy convictions under count three of the indictment must be vacated in light of their CCE convictions under count one of the indictment. As the government concedes, the law of this circuit mandates the result sought by appellants.

In *Jeffers v. United States*, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977), the Supreme Court held that a defendant cannot be subjected to cumulative punishments for violations of both conspiracy under § 846 and CCE under § 848. Further, in *United States v. Schuster*, 769 F.2d 337, 344–45 (6th Cir.1985), *cert. denied*, 475 U.S. 1021, 106 S.Ct. 1210, 89 L.Ed.2d 322 (1986), the Sixth Circuit vacated a conspiracy conviction where defendant was also convicted of CCE. The district court may not impose cumulative punishments for CCE and conspiracy, even if the conspiracy and CCE sentences run concurrently. *Id.* at 344–45. Thus, the conspiracy convictions against Raymond and Robert English must be vacated on remand.[1]

### VI.

For the foregoing reasons, we AFFIRM in part and REVERSE in part the judgment of the district court. The case is REMANDED to the district court with instructions to vacate the appellants' convictions for conspiracy under count three.

---

**1.** We have considered other arguments raised by defendants-appellants and find them to be without merit.