968 F.2d 1216
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Steven F. THOMAS, Defendant-Appellant,
v.
UNITED STATES of America, Plaintiff-Appellee.
 No. 91-2248.
 United States Court of Appeals, Sixth Circuit.
 July 10, 1992.
 
 Before MARTIN and SUHRHEINRICH, Circuit Judges, and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Steven F. Thomas appeals his conviction and sentence for assisting, aiding, and abetting in preparing fraudulent income tax returns. Thomas argues the trial court erred by using improper jury instructions. Thomas also argues that the district court improperly refused to reduce his sentence following Thomas' argument to the court that he was improperly sentenced in a separate felony conviction before a Michigan criminal court. For the following reasons, we affirm the district court.
 
 
 2
 Thomas was charged in a twenty-four count indictment with assisting, aiding, and abetting in the preparation of fraudulent income tax returns. The testimony showed Thomas was paid by his clients a percentage of any additional refund he could obtain for the client, compared to the original return that the client had prepared. Several of Thomas' clients testified that the amounts of contributions and miscellaneous deductions shown on their returns prepared by Thomas were greater than the actual amounts of their contributions and miscellaneous deductions.
 
 
 3
 Thomas admitted that he prepared the returns. His defense was that he misunderstood the nature of properly allowable charitable deductions. He also claimed that he had confused the gift tax concept with the income tax concept resulting in the inclusion of gifts from taxpayers to individuals as charitable deductions. He produced no records at trial to support the manner in which he arrived at his calculations for the tax returns.
 
 
 4
 Thomas made two objections to the jury instructions. First, Thomas objected to the court's deletion of sentences from a patterned jury instruction relating to the reasonable doubt standard. The trial judge rejected Thomas' objection stating that he had referred to the reasonable doubt standard in a sufficient fashion to inform the jury of its duty. In the judge's opinion, any further mention of the phrase "reasonable doubt" was repetitive, not required, and potentially prejudicial in this case. Second, Thomas argued that the court should have reminded the jurors that they had an individual duty to decide for themselves that the government had to prove the defendant guilty beyond a reasonable doubt. The court rejected this argument because it found the jurors were properly instructed as to their duty during the general course of the instructions.
 
 
 5
 Following the jury's return of a guilty verdict on all counts, the court sentenced Thomas to eighteen months imprisonment, which is in the middle of the applicable sentencing range of fifteen to twenty-one months. Thomas argued that he should have been sentenced within the range of twelve to eighteen months. According to Thomas, his sentence for child cruelty in Michigan state court was inordinately harsh--he received a potential four-year sentence. Thomas claims that based on the Michigan sentence he improperly received a criminal history score of three in the present case, and so the district judge was required to downward depart.
 
 
 6
 First, on Thomas' claim that the jury was improperly instructed as to the burden of proof, we consider whether the instructions, taken as a whole, are misleading or give the jury an inadequate understanding of the law. United States v. English, 925 F.2d 154, 158 (6th Cir.1991) (citing Lewis v. City of Irvine, 899 F.2d 451, 456 (6th Cir.1990)). A judgment may be reversed if the instructions, viewed as a whole, were confusing, misleading, or prejudicial. Id. The trial court has broad discretion in formulating its charge. Id.
 
 
 7
 For the most part, the trial court followed pattern jury instructions. At two points, the trial court departed by eliminating mention of the reasonable doubt standard. As is stated in the introduction to the pattern jury instructions manual, "These instructions are not binding." More importantly, the district court charge mentioned the reasonable doubt standard no less than eight separate times during its recitation of the instructions to the jury. Not only did the court instruct the jury on several occasions that the government must prove Thomas guilty "beyond a reasonable doubt," the court specifically told the jury that the reasonable doubt standard applied to each element of the crime charged. At one point, the court instructed the jurors, "The government must prove every element of the crime charged beyond a reasonable doubt." At a later point, the court similarly instructed the jury that "[f]or each charge you must determine whether the government has presented proofs beyond reasonable doubt that the defendant is guilty of that particular charge." At yet another point, the court instructed the jurors: "You must be convinced of each and every of the following elements beyond a reasonable doubt." There was no error in the jury instructions.
 
 
 8
 Next we address Thomas' claim that the court did not properly instruct the jurors as to their individual responsibility to reach a verdict. This argument also fails. The court instructed the jurors that no one would hear their discussions in the jury room, that no record would be made of what they stated, and that they should be attentive and listen carefully to what their fellow jurors had to say. The court also emphasized to the jurors, on numerous occasions, that their determination be "beyond a reasonable doubt." While the court did not state "you each are individually responsible for your verdict," the instructions as a whole properly conveyed the gravity of the juror's role and the importance of their individual contribution to the process of reaching a verdict.
 
 
 9
 Thomas also argues that the trial court erred by not departing downward in sentencing Thomas. Thomas claims he was given an inordinately harsh sentence in a prior felony conviction in Michigan state court for child cruelty. The court rejected Thomas' argument that a downward departure was required:
 
 
 10
 ... I want to point out to you that the severity of the sentence is not a criteria that I can look at because I didn't try the case. I know nothing about it. All I know is there is a charge and the charge is a specific intent crime and the charge is within the statutory framework, and so that's all I can look at. I really think if I were to do anything else, I would be abusing my position and for the record I grant that that can be an argument that can be made, but I want to tell you that I can't go behind that.
 
 
 11
 Under section 4A1.3, a court may impose a sentence departing from the otherwise applicable range if the reliable information indicates that the criminal history category "does not adequately reflect the seriousness of the defendant's past criminal conduct or the likelihood that the defendant will commit other crimes." United States Sentencing Commission, Guidelines Manual, § 4A1.3 (Nov.1991). Section 4A1.3 states that "there may be cases where the court concludes that a defendant's criminal history category significantly over-represents the seriousness of a defendant's criminal history or the likelihood the defendant will commit further crimes." However, as have most other circuits, we hold that a district court's discretionary refusal to depart downward precludes appellate review. See United States v. Medeiros, 884 F.2d 75, 77-78 (3d Cir.1989). Although a district court errs if it fails to recognize its power to depart from the sentencing guidelines, id., the court committed no such error here, but rather made a discretionary refusal to depart downward.
 
 
 12
 We therefore affirm.
 
 WELLFORD, Circuit Judge, concurring:
 
 13
 I concur in the Per Curiam opinion. I add only that I find no authority in the district court to consider at sentencing whether a state sentence, if valid on its face, is "inordinately harsh" or too lenient.