**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Joseph A. MOHWISH, Defendant–**
**Appellant.**

**Nos. 89–6412, 89–6444 and 91–5076.**

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 1, 1991.

Decided May 13, 1993.

Louis DeFalaise, U.S. Atty., James Zerhusen, Asst. U.S. Atty. (argued and briefed), Office of the U.S. Atty., Lexington, KY, for plaintiff-appellee in No. 89–6412 and No. 91–5076.

Peter Goldberger, Philadelphia, PA, Michael T. Palermo (briefed), Russell J. Baldani (briefed), William L. Summers, Lexington, KY, Bruce E. Pashley (argued), Marietta, GA, for defendant-appellant in No. 89–6412.

Louis DeFalaise, U.S. Atty., James Zerhusen, Asst. U.S. Atty. (argued and briefed), Robert F. Trevey, Asst. U.S. Atty., Office of

---

the U.S. Atty., Lexington, KY, for plaintiff-appellee in No. 89–6444.

Peter Goldberger, Philadelphia, PA, Michael T. Palermo (briefed), William L. Summers, Lexington, KY, Bruce E. Pashley (argued), Marietta, GA, for defendant-appellant in No. 89–6444.

Peter Goldberger, Philadelphia, PA, Michael T. Palermo (briefed), William L. Summers, Lexington, KY, for defendant-appellant in No. 91–5076.

Before: KENNEDY and SUHRHEINRICH, Circuit Judges, and ENGEL, Senior Circuit Judge.

SUHRHEINRICH, Circuit Judge.

After a jury trial, petitioner was convicted of engaging in a continuing criminal enterprise (CCE) in violation of 21 U.S.C. § 848; conspiring to distribute cocaine and marijuana in violation of 21 U.S.C. § 846; conspiring to file false currency transaction reports and income tax returns in violation of 18 U.S.C. § 371; conducting financial transactions involving proceeds from the sale of controlled substances in violation of 31 U.S.C. §§ 5313(a), 5322; engaging in monetary transactions in criminally-derived property in violation of 18 U.S.C. § 1957(a); and filing false income tax returns in violation of 26 U.S.C. § 7206(1). This court reversed all but one of the substantive convictions, and affirmed all the other convictions and sentences.[1] On March 1, 1993, the Supreme Court granted appellant's petition for writ of certiorari, vacated the judgment as to appellant only, and remanded "for further consideration in light of the position presently asserted by the Acting Solicitor General in his brief for the United States filed February 5, 1993." —— U.S. ——, 113 S.Ct. 1378, 122 L.Ed.2d 754.

Upon further review, it is clear that we neglected Mohwish's claim that his drug conspiracy conviction should be vacated because he was also convicted on a CCE count. It is the law of this circuit that "defendant cannot be subjected to cumulative punishment for both a conspiracy violation under section 846 and a CCE violation under section 848, even if the conspiracy and CCE sentences run concurrently." *United States v. Paulino,* 935 F.2d 739, 751 (6th Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 315, 116 L.Ed.2d 257 (1991) (citing *United States v. English,* 925 F.2d 154, 160 (6th Cir.), *cert. denied,* —— U.S. ——, 111 S.Ct. 2810, 115 L.Ed.2d 983 (1991)); *United States v. Davis,* 809 F.2d 1194 (6th Cir.), *cert. denied,* 483 U.S. 1007, 107 S.Ct. 3234, 97 L.Ed.2d 740 (1987). Furthermore, the claim was unopposed. We now correct the oversight. Thus, we hereby **REVERSE** Mohwish's conspiracy conviction and **REMAND** to the district court with instructions to **VACATE** the conspiracy conviction, and our original decision is amended to reflect this ruling. All other aspects of that decision remain in force.

---

1. *United States v. Patrick,* 965 F.2d 1390 (6th Cir.1992).