1 F.3d 1243
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant, Cross-Appellee,
v.
Robert Dale MURR, Defendant-Appellee, Cross-Appellant.
 Nos. 92-6250, 92-6252.
 United States Court of Appeals, Sixth Circuit.
 July 29, 1993.
 
 Before GUY and SUHRHEINRICH, Circuit Judges and DOWD, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant, Robert Murr, was convicted after a jury trial of conspiracy to possess with the intent to distribute cocaine, 11 substantive counts of possession with intent to distribute cocaine, and conducting a continuing criminal enterprise (CCE). On April 3, 1992, Murr was sentenced to 260 months, to run concurrently on all counts on which he was found guilty.[1] Although the court proceeded with sentencing, it still had pending before it a number of post-trial motions filed by Murr, including a motion for judgment of acquittal.
 
 
 2
 On April 13, 1992, defendant filed a motion seeking reconsideration of the application of the "aggravating role in offense" finding made by the district judge. United States Sentencing Guidelines Commission, Guidelines Manual, Sec. 3B1.1 (Nov. 1992). On April 16, 1992, Murr filed a notice of appeal stating therein that the notice was "subject to Defendant's Motion to Reconsider Sentence, filed April 13, 1992." The trial judge denied the motion to reconsider on May 22, 1992. Also on this date the court decided the other pending and unresolved post-trial motions, including the motion for judgment of acquittal. Shortly thereafter, however, on May 26, 1992, the court, sua sponte, entered an order giving Murr until June 15, 1992, to file a motion to vacate his sentence on the conspiracy count. The court cited to United States v. English, 925 F.2d 154 (6th Cir.), cert. denied, --- U.S. ----, 111 S.Ct. 2812 (1991).[2]
 
 
 3
 On June 1, 1992, Murr filed an amended notice of appeal, which indicated he was appealing from the May 22, 1992, order and stating that the amended notice was "subject to the District Court's Order of May 26, 1992, permitting until June 15, 1992 a Motion to resentence or vacate." Murr then filed a motion to vacate his conspiracy sentence on June 15, 1992,[3] which was construed by the court as a Sec. 2255 petition.
 
 
 4
 After holding a hearing, the district court vacated Murr's conspiracy conviction on September 15, 1992. The judge also directed the Bureau of Prisons to compute defendant's sentence as if it began on August 17, 1989.[4] Thereafter, the government filed a notice of appeal from the September 15, 1992, order and, on the same day, the defendant filed a supplemental notice of appeal from the September 15, 1992, order.
 
 
 5
 On appeal, the government makes three arguments: (1) the court had no jurisdiction to consider defendant's motion to vacate sentence, since it was filed after defendant's notice of appeal was filed; (2) if the court did have jurisdiction to vacate, it erred by failing to provide a procedural mechanism to preserve the conspiracy conviction in the event the CCE conviction is set aside; and (3) the trial judge had no authority to order the Bureau of Prisons to compute the starting date for Murr's sentence in a manner which would have the effect of reducing Murr's sentence below the statutory mandatory minimum.
 
 
 6
 In his cross-appeal, besides arguing the district court had jurisdiction and properly vacated his conspiracy conviction, Murr raises a number of claims of error as to his sentence.
 
 
 7
 After a review of the record, we conclude that (1) the district court did have jurisdiction to entertain defendant's motion to vacate; (2) the district court should have only provisionally vacated the conspiracy conviction; and (3) the court had no authority to order the Bureau of Prisons to compute defendant's sentence in the manner that it did.
 
 
 8
 As to defendant's cross-appeal, we conclude that none of the issues raised are properly before us.
 
 I.
 A. The Jurisdictional Issue
 
 9
 In contending the trial court had no jurisdiction to revisit Murr's sentence after it was imposed, the government makes four arguments. It first argues the filing of the notice of appeal by the defendant divested the court of jurisdiction. We examine this argument first since, if the government is correct, we need not consider the other arguments.
 
 
 10
 Generally, the filing of a notice of appeal deprives the district court of jurisdiction to act on matters that properly would be encompassed by the appeal. United States v. Sanzo, 831 F.2d 671, 672 (6th Cir.1987). However, if a defendant has filed a timely time-tolling motion before filing a notice of appeal and the court has not ruled on the motion, the notice of appeal is premature and the district court still retains jurisdiction over the unresolved motion.
 
 
 11
 The government in its brief makes no mention of the fact that as of the date of sentencing, the court still had not resolved a number of Murr's post-trial motions, including a motion for judgment of acquittal. Such motions did exist and without exploring the nature of these motions in detail, suffice it to say that a motion for judgment of acquittal is a time-tolling motion insofar as the filing of a timely notice of appeal is concerned. When the court sentenced the defendant without resolving these motions, however, Murr's counsel followed the sensible course of protecting his client by filing a notice of appeal on April 16, 1992. This notice was in fact a nullity, however, since it was filed during the pendency of a time-tolling motion.
 
 
 12
 On May 22, 1992, the court appeared to decide all of the pending post-trial motions, including the motion for judgment of acquittal, and all of Murr's requests for relief were denied. On June 1, 1992, Murr filed a notice of appeal from the May 22, 1992, order. Although the notice of appeal is understandably entitled "amended notice of appeal," this does not alter our analysis. Unfortunately, however, the waters are muddied by the court sua sponte entering the May 26, 1992, order giving Murr until June 15, 1992, to file a motion to vacate his sentence on the conspiracy count.
 
 
 13
 There is more than one way in which one might characterize the sequence of events that occurred following the entry of the May 22, 1992, order. We choose to characterize it in a manner that is not prejudicial to the defendant since we believe the confusion that exists was caused largely by the trial court's inadvertent failure to make timely rulings on the pending post-trial motions of the defendant. Although the May 26, 1992, order of the court starts out by stating, "This matter is before the court upon its own motion"--that is not a correct statement. As the court goes on to acknowledge in its May 26 order, counsel for Murr raised at sentencing the issue of whether defendant's convictions for conspiracy and for conducting a continuing criminal enterprise could both stand. The court admits that it overlooked ruling on this issue due to understandably being absorbed in the many other sentencing issues that were being presented by multiple defendants. Since defendant raised this issue orally at the time of sentencing, we are left without the precision which would have been present had a written motion been filed. However, once again in the interest of preventing an injustice, we choose to construe this presentence motion under these circumstances as a time-tolling motion.
 
 
 14
 This means that the time did not start to run, insofar as filing a notice of appeal was concerned, until September 15, 1992, when the court issued its final substantive order. The question then arises, did the defendant file a timely notice of appeal, since under our construction of what occurred, the April 16 notice of appeal and the June 1 notice of appeal were both premature, having been filed during the pendency of time-tolling motions?
 
 
 15
 On September 25, the defendant filed a document entitled, "supplemental notice of appeal." We will construe the September 25 filing by the defendant as a timely notice of appeal, properly bringing before this court the issues we have addressed in the related appeals, Nos. 92-5522/5730.[5]
 
 
 16
 In sum, we conclude that the district court was not divested of its power to act because the notices of appeal filed by defendant prior to September 25, 1992, were premature.
 
 
 17
 This brings us now to the other reasons advanced by the government in support of its contention that the trial judge had no jurisdiction to modify, sua sponte, Murr's sentence. The government argues (1) Title 18, United States Code, Section 3582(c) prohibits a trial court from modifying a term of imprisonment once imposed; (2) Federal Rule of Criminal Procedure 35 does not provide a mechanism by which a trial court retains jurisdiction to modify a sentence; and (3) Title 28, United States Code, Section 2255 does not provide jurisdiction to the trial court under these facts. Because our analysis of what occurred here differs so markedly from the government's analysis, we find nothing would be served by addressing these contentions seriatim.
 
 
 18
 The defendant timely raised the issue of whether his conspiracy and CCE convictions should somehow merge prior to sentencing. As explained earlier, the trial judge neglected to resolve this issue as well as several others prior to imposing sentence. On May 26, 1992, when the court sent out an order asking Murr to file a motion, this was actually surplusage, since the matter was already before the court. The notice made sense, however, because it would give defendant and the government a chance to present their arguments to the court in writing and in a more orderly fashion.
 
 
 19
 Since the matter was already before the court and, since as we have previously explained, the court was not divested of jurisdiction by a properly filed notice of appeal, the court's discussion of Rule 35 or Sec. 2255 was not necessary. Neither of these sections were the source of the court's jurisdiction. This was simply the clearing-up of unfinished business which should have been done before sentencing.[6]
 
 
 20
 By resolving all of these jurisdictional issues in the manner we have, it allows us to address the merits of the issue concerning the vacation of the conspiracy convictions. We consider this result particularly appropriate since the government has elected not to argue the core issue but only argues that "some method should have been provided to preserve the conspiracy conviction in the event the Continuing Criminal Enterprise conviction is at some point set aside."
 
 
 21
 In vacating the defendant's conspiracy conviction, the court relied on our holdings in three cases. United States v. Paulino, 935 F.2d 739 (6th Cir.1991); United States v. English, 925 F.2d 154 (6th Cir.1991); and United States v. Schuster, 769 F.2d 337 (6th Cir.1985). The holdings of these cases can be summed up in a quote from English:
 
 
 22
 In Jeffers v. United States, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977), the Supreme Court held that a defendant cannot be subjected to cumulative punishments for violations of both conspiracy under Sec. 846 and CCE under Sec. 848. Further, in United States v. Schuster, 769 F.2d 337, 344-45 (6th Cir.1985), cert. denied, 475 U.S. 1021, 106 S.Ct. 1210, 89 L.Ed.2d 322 (1986), the Sixth Circuit vacated a conspiracy conviction where defendant was also convicted of CCE. The district court may not impose cumulative punishments for CCE and conspiracy, even if the conspiracy and CCE sentences run concurrently. Id. at 344-45. Thus, the conspiracy convictions against Raymond and Robert English must be vacated on remand.
 
 
 23
 925 F.2d at 160 (footnote omitted).
 
 
 24
 While acknowledging the controlling authority of these cases, the government points out that other circuits have achieved substantially the same result but by taking an approach that would preserve the conspiracy conviction in the event the CCE conviction was overturned on direct appeal or collateral attack.[7] We think this is a sound approach. As the Third Circuit noted, none of us can predict the future:
 
 
 25
 While the circumstance that we have affirmed the conviction on count 3 [CCE] makes it unlikely that the government will ever have to rely on the convictions on counts 1 and 2 [conspiracy counts] to justify [the defendant's] incarceration, in view of the possibility of relief under 28 U.S.C. Sec. 2255 on grounds that might not now even be contemplated we cannot be so bold as to assert that it can never happen.
 
 
 26
 United States v. Fernandez, 916 F.2d 125, 127-28 (3d Cir.1990).
 
 
 27
 We are not writing on a clear slate, however, because our earlier holdings quite clearly indicate that the appropriate relief is to vacate the conspiracy conviction. However, in none of these cases was the argument made which is now being advanced by the government. We conclude that, short of revisiting this issue by way of en banc review, the most we can do is order a remand for resentencing. At the resentencing, the district court is instructed to vacate the conspiracy conviction subject to the right of the government to move for reinstatement of the conspiracy conviction in the event the CCE conviction should at some point be overturned.
 
 II.
 
 28
 At the hearing on the motion to vacate the conspiracy, conviction, Murr raised the issue of the credit he should receive for time served. In its September 15, 1992, order, the district judge stated:
 
 
 29
 Lastly, Murr has informed the Court that the Bureau of Prisons has computed his sentence to begin on March 13, 1991, the date of the indictment in the present case. However, at sentencing, this Court clearly stated that Murr's sentence in this Court was to be concurrent with "the conviction in Tennessee, and you're to receive credit for time served." ... If this intent was not previously made clear, Murr's Judgment and Order of Imprisonment is hereby amended to state that Murr is to receive credit against the sentence imposed by this Court for all time served in Tennessee, dating to August 17, 1989, and the Bureau of Prisons shall act in conformity therewith.[8]
 
 
 30
 The government contends the district court acted beyond its authority in ordering that Murr receive credit for time served beginning August 17, 1989. We agree. In United States v. Wilson, --- U.S. ----, 112 S.Ct. 1351 (1992), the Supreme Court made clear that the responsibility for determining the effective date a sentence begins belongs to the Attorney General and not the district judge. Further, in United States v. Westmoreland, 974 F.2d 736 (6th Cir.1992), decided after Wilson, we concluded that if a defendant seeks review of a determination made by the Attorney General, he may do so only after exhaustion of administrative remedies.
 
 
 31
 Finally, on this issue the government contends that the district court order would have the effect of turning Murr's 260-month sentence into a 224-month sentence. Since the offense involved carries a 240-month mandatory minimum sentence, the government argues the court improperly reduced the sentence below the mandatory minimum. Again, we agree.[9]
 
 III.
 
 32
 Defendant has raised a number of other issues on appeal. Under the construction we have placed on what transpired in the district court, these issues are not properly before us. Murr has a separate direct appeal pending. All issues that were raised in that appeal, or properly should have been, are not part of this case. In order to bring the issue of the vacation of the conspiracy conviction before us, we have admittedly engaged in an analysis of the trial court proceedings with the purpose of keeping this issue alive. The defendant cannot have it both ways, however. We have found jurisdiction to exist in the district court after the resolution of the time-tolling judgment of acquittal motion on May 22, 1992, solely for the purpose of resolving the issue of the vacation of the conspiracy conviction, which issue defendant properly raised before sentencing. Any other issues raised by the defendant pursuant to the court's May 26, 1992, order were not properly before the court, however.
 
 
 33
 We have rejected the characterization of defendant's motion as a Sec. 2255 motion in order to preserve the vacation of the conspiracy issue for appeal. Were we to construe it as a Sec. 2255 motion, we would have to rule that it was not properly before the court since it would have been filed while a direct appeal was pending or, alternatively, was improperly being raised as a substitute for a direct appeal. After defendant's direct appeal has been resolved, he still may seek Sec. 2255 relief, however, we pass no judgment as to the merits of any such motion.[10]
 
 
 34
 The decision of the district court to vacate the conspiracy conviction is REMANDED and defendant should be resentenced consistent with this opinion. The decision of the district court relative to the date defendant's sentence is to commence is REVERSED. All other issues raised are not properly before us.
 
 
 
 *
 The Honorable David D. Dowd, Jr., United States District Court for the Northern District of Ohio, sitting by designation
 
 
 [1]
 One of the substantive convictions was ultimately set aside as duplicitous but this did not affect the sentence
 
 
 [2]
 In English, we stated:
 The district court may not impose cumulative punishments for CCE and conspiracy, even if the conspiracy and CCE sentences run concurrently.
 925 F.2d at 160.
 
 
 [3]
 Murr had raised this issue at his sentencing hearing but the judge never made a ruling
 
 
 [4]
 This is the date Murr was first placed in custody in connection with the prosecution which resulted in his Tennessee drug conviction
 
 
 [5]
 Defendant raises other issues, which we address infra, and those might properly be called cross-appeals
 
 
 [6]
 The confusion of the parties is understandable. We note, for example, that the defendant did not even refer to his June 15, 1992, pleading as a Sec. 2255 motion until his reply brief and after the government had advanced its arguments as to why it could be heard as a Rule 35 motion
 
 
 [7]
 See, e.g., United States v. Bafia, 949 F.2d 1465 (7th Cir.1991), cert. denied, --- U.S. ----, 112 S.Ct. 1989 (1992); United States v. Medina, 940 F.2d 1247 (9th Cir.1991); and United States v. Aiello, 771 F.2d 621 (2d Cir.1985)
 
 
 [8]
 At the time Murr was indicted he was in custody on his earlier Tennessee conviction. Therefore he spent no pre-conviction time in custody as a result of the indictment in this case
 
 
 [9]
 We note further that this issue was not properly before the court. We have "validated" the court's actions insofar as they relate to the vacation of the conspiracy count. That is the only issue properly before the court, however
 
 
 [10]
 Consistent with our analysis of what occurred in the trial court, we deny defendant's motion for consolidation