14 F.3d 603
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Richard RUSHING and Charles Rushing, Defendants-Appellants.
 Nos. 93-1234, 93-1331.
 United States Court of Appeals, Sixth Circuit.
 Dec. 16, 1993.
 
 Before: MARTIN, and RYAN, Circuit Judges; and MATIA, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Following a jury trial Charles and Richard Rushing were convicted of conspiracy to possess with intent to distribute and to distribute in excess of 1,000 kilograms of marijuana, in violation of 21 U.S.C. Secs. 846 and 841(a)(1). Charles Rushing was also convicted of operating a continuing criminal enterprise, in violation of 21 U.S.C. Sec. 848. Both men challenge the constitutionality of the plea bargaining procedures that led to guilty pleas by their female codefendants, and Charles Rushing raises several additional challenges to both his conviction and his sentence. We affirm both defendants' convictions and their sentences in all respects.
 
 I.
 
 2
 Both defendants challenge, on due process and equal protection grounds, the government's actions in plea bargaining with the female defendants but not the male defendants. We review such constitutional attacks on the plea bargaining process only when the defendant makes a sufficient threshold showing of discriminatory treatment. United States v. Anderson, 923 F.2d 450, 453 (6th Cir.), cert. denied, 111 S.Ct. 1633 (1991). Neither Charles nor Richard Rushing have made any showing, threshold or otherwise, of unconstitutional treatment in the manner in which the government conducted plea negotiations in these cases.
 
 II.
 
 3
 Charles Rushing alone raises several additional assignments of error. In deciding these challenges, we view all evidence in the light most favorable to the government. United States v. Chalkias, 971 F.2d 1206, 1214 (6th Cir.), cert. denied, 113 S.Ct. 351 (1992).
 
 A.
 
 4
 Charles Rushing first argues that he was improperly convicted of operating a continuing criminal enterprise because the government did not prove that he supervised or managed five other people. The elements of a continuing criminal enterprise are set out in 21 U.S.C. Sec. 848:
 
 
 5
 1) a felony violation of the federal narcotics law;
 
 
 6
 2) as part of "a continuing series of violations";
 
 
 7
 3) "in concert with five or more persons";
 
 
 8
 4) for whom the defendant is an organizer or supervisor; and
 
 
 9
 5) from which he derives substantial income or resources.
 
 
 10
 See also United States v. English, 925 F.2d 154, 156 (6th Cir.), cert. denied, 111 S.Ct. 2810 (1991). At trial, the government argued that Charles organized or managed nine individuals and named them. Charles, however, maintains that the evidence supports a conclusion that he supervised only four individuals.
 
 
 11
 The government's case included testimony sufficient to prove that Charles managed or supervised his wife Shirley, his girlfriend Cynthia, his brother Richard, and his son Edward. In addition, the government presented evidence from which a reasonable jury could conclude that Charles Rushing also exercised managerial authority over his brother Rico. Since the evidence adequately demonstrates Charles Rushing's supervision of five people, we need not review the sufficiency of the government's evidence that he also supervised the criminal activity of four others: Tom and Juan Vasquez, Mark Richardson, and David Sipkoff.
 
 B.
 
 12
 Charles Rushing next argues that the government did not present sufficient evidence to establish that he derived substantial income from the continuing criminal enterprise. This argument is without merit. The evidence showed that Tom Vasquez made several payments to Charles of between $50,000 and $150,000 for large marijuana purchases. In addition, Vasquez testified that Charles made a profit of $150,000 on a single load of marijuana. Finally, Vasquez also testified that he purchased at least 25,000 pounds of marijuana from Charles Rushing during the period of the conspiracy. The quantities of marijuana that changed hands and the cash Charles Rushing received constitute ample proof that he derived substantial income from the criminal enterprise under the terms of 21 U.S.C. Sec. 848(c). United States v. Jones, 801 F.2d 304, 310 (8th Cir.1986); United States v. Dickey, 736 F.2d 571, 588 (10th Cir.1984), cert. denied, 469 U.S. 1188 (1985); United States v. Graziano, 710 F.2d 691, 698 (11th Cir.1983), cert. denied, 466 U.S. 937 (1984).
 
 C.
 
 13
 Charles's next assignment of error concerns the transportation of co-conspirator witnesses to and from court during the trial. These witnesses were transported in the same vehicle on at least one occasion. Apparently, co-conspirator witnesses Jane Wheat and Tom Vasquez spoke to each other during the commute. Charles contends that allowing these witnesses an opportunity to converse and compare stories violated his due process rights. This argument is meritless. Both the prosecutor and the defense attorney extensively questioned Wheat about the conversations she had with Vasquez. Wheat consistently maintained that the conversations were casual and did not involve any discussion about their testimony. Charles Rushing has made no showing that the district court abused its discretion in allowing the witnesses to testify, nor has he made any showing of prejudice. See, e.g., United States v. Wylie, 919 F.2d 969 (5th Cir.1990).
 
 D.
 
 14
 During the first part of trial, Charles was apparently unable to sleep as a result of noisy conditions at the jail. Although the U.S. Marshals office arranged for Charles to be housed in a quieter cell for the second half of the trial, Charles contends that his lack of sleep rendered him unable to assist in his own defense during the first portion of the trial. He has not provided any evidence, however, to support this assertion. See, e.g., United States v. Schroeder, 902 F.2d 1469, 1471 (10th Cir.), cert. denied, 498 U.S. 867 (1990).
 
 
 15
 The district court did not make specific findings on this issue because Charles did not raise it below. Instead, he only requested that he be transferred to a quieter cell. The district judge granted this request. In the absence of an objection below, we only review for plain error. See Fed.R.Crim.P. 52(b). Charles Rushing has not shown that the district court committed plain error by not holding a hearing regarding his inability to assist his attorney during the first half of the trial.
 
 E.
 
 16
 Charles Rushing next argues that the jury instructions concerning the continuing criminal enterprise charge were improper. Charles maintains that, given the large number of people involved in the separate Vasquez and Rushing conspiracies, the court should have instructed the jury as to which individuals could constitute the group of five people that Charles managed or organized. His argument relies on a Ninth Circuit opinion, United States v. Jerome, 924 F.2d 170 (9th Cir.1991), an opinion which was later withdrawn. The replacement opinion, published at 942 F.2d 1328, does not contain the same language upon which Rushing relies. Nevertheless, this court has interpreted the portion of Jerome relied on by Charles. See Chalkias, 971 F.2d at 1215. In Chalkias, we held that Jerome does not apply unless the prosecution presented the jury with an erroneous list of persons who were managed or organized by the defendant. Id. In this case, the government did not present the jury with an erroneous list of possible persons managed or supervised by Charles, and therefore the court was not required to instruct the jury as to who could qualify as persons managed or supervised. This court has previously held that the jury does not need to agree unanimously on the identity of the five persons organized or managed by the defendant. United States v. English, 925 F.2d 154, 159 (6th Cir.), cert. denied, 111 S.Ct. 2810 (1991).
 
 F.
 
 17
 Finally, Charles Rushing has raised two challenges to his sentence, both of which are meritless. He first argues that he should not have received one criminal history point for a 1986 conviction for attempted possession of marijuana. Rushing maintains that this point should not have been awarded because the conviction had been set aside by the clear language of a court order. The district court considered this argument and concluded that it was not clear whether the state court order simply granted early termination of probation or whether it both terminated probation and set aside the conviction. Charles Rushing bears the burden of proving that the 1986 conviction was invalid, and he has not carried this burden. United States v. Bradley, 922 F.2d 1290, 1297 (6th Cir.1991), overruled on other grounds, United States v. McGlocklin, --- F.3d ----, No. 91-6121, 1993 WL 356406 (6th Cir. Sept. 17, 1993).
 
 
 18
 Charles also argues that he should not have received three criminal history points for a 1990 conviction of being a felon in possession of firearm ammunition. He contends that his possession of ammunition was part of the continuing criminal enterprise and was therefore not an unrelated offense under U.S.S.G. Sec. 4A1.2(a)(2). We conclude that the extra three points were properly assigned.
 
 
 19
 U.S.S.G. Sec. 2D1.5, application note three, states in relevant part:
 
 
 20
 Under 21 U.S.C. Sec. 848, certain conduct for which the defendant has previously been sentenced may be charged as part of the instant offense to establish a "continuing series of violations." A sentence resulting from a conviction sustained prior to the last overt act of the instant offense is to be considered a prior sentence under Sec. 4A1.2(a)(1) and not part of the instant offense.
 
 This provision
 
 21
 reflect[s] the unique nature of a continuing criminal enterprise by including prior sentences in the defendant's criminal history, even if the prior sentences are for crimes committed in furtherance of the continuing criminal enterprise.
 
 
 22
 United States v. Crosby, 913 F.2d 313, 315 (6th Cir.1990).
 
 III.
 
 23
 For the foregoing reasons, the convictions and sentences of both defendants are AFFIRMED.
 
 
 
 *
 The Honorable Paul R. Matia, United States District Judge for the Northern District of Ohio, sitting by designation