77 F.3d 482
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Raymond ENGLISH; Robert English, Petitioners-Appellants,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 95-5910.
 United States Court of Appeals, Sixth Circuit.
 Feb. 20, 1996.
 
 Before: BROWN, WELLFORD and MILBURN, Circuit Judges.
 
 ORDER
 
 1
 Raymond and Robert English, pro se federal prisoners, appeal a district court order and judgment dismissing their joint motion to vacate, set aside, or correct their sentences filed under 28 U.S.C. § 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The defendants were named in a 12-count indictment which charged them with engaging in a continuing criminal enterprise (CCE), conspiracy, and distribution of cocaine. In addition, Raymond was charged with possession with intent to distribute cocaine and with income tax evasion. Robert pleaded guilty to counts 7-12 on September 7, 1989, and a jury subsequently convicted both defendants of the remaining counts. The district court sentenced Raymond on December 12, 1989, to 240 months in prison, five years of supervised release, and $3500 restitution. Robert was sentenced the same day to 240 months in prison, five years of supervised release, and $2,437.50 restitution. Judgment in each case was entered on December 19, 1989. On appeal, the defendants' conspiracy convictions were vacated, with the judgments otherwise affirmed. United States v. English, 925 F.2d 154, 160 (6th Cir.) (per curiam), cert. denied, 501 U.S. 1210 and 1211 (1991).
 
 
 3
 In their joint motion to vacate, the defendants raised five grounds for relief: (1) the trial court plainly erred in admitting exhibits without a proper chain of custody established, (2) the trial court plainly erred by admitting into evidence a substance purported to contain cocaine based upon chemical analysis where the chemist failed to testify at trial, (3) Raymond received ineffective assistance of counsel based upon counsel's failure to challenge statements made by Raymond while allegedly under the influence of Valium, (4) the trial court erred in accepting Robert's guilty pleas where it failed to inform him of the minimum and maximum sentence in violation of Fed.R.Crim.P. 11, and (5) Robert received ineffective assistance of counsel based upon counsel's alleged assurance that his guilty pleas would have no impact on the CCE and conspiracy counts.
 
 
 4
 In a report filed on February 21, 1995, a magistrate judge recommended that the respondent's motion to dismiss be granted. He found that the defendants had not established cause and prejudice for failing to raise issues 1, 2, and 4 on direct appeal and rejected issues 3 and 5 (the ineffective assistance of counsel claims) on their merits. The defendants timely filed objections, but the district court accepted the magistrate judge's report and dismissed the joint motion to vacate in an order and judgment entered on May 23, 1995.
 
 
 5
 On appeal, the defendants continue to argue the merits of their grounds for relief, with the exception of Robert's ineffective assistance of counsel issue. In addition, they claim the district court erred in not finding cause and prejudice to excuse their default.
 
 
 6
 Upon review, we affirm the district court's judgment for the reasons stated by the district court. In order to warrant relief under § 2255 on the basis of a nonconstitutional error, the record must show a fundamental defect in the proceedings that inherently resulted in a complete miscarriage of justice or an omission inconsistent with the rudimentary demands of fair procedure. Reed v. Farley, 114 S.Ct. 2291, 2300 (1994); United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993). To warrant relief under § 2255 on the basis of constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the outcome of the proceedings. See Brecht v. Abrahamson, 507 U.S. 619, ----, 113 S.Ct. 1710, 1722 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994) (per curiam).
 
 
 7
 As an initial matter, defendant Robert English has not raised his ineffective assistance of counsel issue on appeal. It is, therefore, considered to be abandoned and is not reviewable. See Boyd v. Ford Motor Co., 948 F.2d 283, 284 (6th Cir.1991), cert. denied, 503 U.S. 939 (1992). In any event, it is meritless for the reason stated by the district court.
 
 
 8
 The defendants' issues relating to the admission of evidence and Rule 11 violation could have been raised on direct appeal, but were not. Consequently, the defendants must show cause for their failure to raise these issues previously and actual prejudice resulting therefrom in order to have them considered on their merits. See United States v. Frady, 456 U.S. 152, 167 (1982); Mathews v. United States, 11 F.3d 583, 587 n. 2 (6th Cir.1993). Moreover, these issues were not preserved at trial and procedural default of even a constitutional issue will bar review under § 2255 unless cause and prejudice are established. See Campino v. United States, 968 F.2d 187, 190 (2d Cir.1992). The defendants have failed to satisfy this requirement.
 
 
 9
 As cause, the defendants asserted ineffective assistance of counsel in their reply to the government's response. Ordinary attorney error does not constitute cause; rather, the error must amount to constitutionally ineffective assistance of counsel under the test enunciated in Strickland v. Washington, 466 U.S. 668 (1984) Coleman v. Thompson, 501 U.S. 722, 753-54 (1991). To establish ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that the deficient performance prejudiced the defense so as to render the trial unfair and the result unreliable. Strickland, 466 U.S. at 687. "[C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. Trial counsel's tactical decisions are particularly difficult to attack, and a defendant's challenge to such decisions must overcome a presumption that the challenged action might be considered sound trial strategy. O'Hara v. Wigginton, 24 F.3d 823, 828 (6th Cir.1994). Under this standard, it is clear that neither attorney's performance in this case rises to the level of ineffective assistance and that the alleged errors did not render the results of the proceedings unreliable.
 
 
 10
 Finally, under the Strickland standard enunciated above, Raymond's claim of ineffective assistance of trial counsel must also fail. Raymond contends that counsel was ineffective for failing to challenge the admission of an inculpatory statement made to a Kentucky State Police detective. He claims that he was nervous and light-headed from cocaine at the time and that, as a result, a detective gave him Valium. Raymond states that he took the Valium, which so hindered his mental capacities that his statement could not be considered voluntary. There is absolutely nothing in the record that supports Raymond's contention. On the contrary, the detective in question submitted an affidavit stating that he did not give Raymond any drugs to take at any time. Additionally, Raymond's trial attorney submitted an affidavit stating that Raymond did not inform him of any Valium given to him by the detective. Significantly, Raymond does not rebut his attorney's statement in his brief on appeal. It is obvious that counsel could not have objected to the admission of Raymond's statement on a ground of which he was unaware.
 
 
 11
 Accordingly, the district court's judgment, entered on May 23, 1995, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.