765 F.2d 1364
 UNITED STATES of America, Plaintiff-Appellee,
v.
Bradford J. BURT, Defendant-Appellant.
 CA No. 82-1098.
 United States Court of Appeals,
Ninth Circuit.
 Argued Oct. 2, 1984.
Submitted July 3, 1985.
Decided July 15, 1985.
 
 Richard M. Callahan, Asst. U.S. Atty., Los Angeles, Cal., for plaintiff-appellee.
 DuBois & Hove, Richard E. Hove, Oakland, Cal., Michael B. Pollack, New York City, for defendant-appellant.
 Appeal from the United States District Court for the Central District of California.
 Before FARRIS, ALARCON and NORRIS, Circuit Judges.
 FARRIS, Circuit Judge:
 
 
 1
 Bradford Burt was convicted, following trial to a jury, of one violation of 21 U.S.C. Sec. 848 (continuing criminal enterprise involving drugs), two violations of 21 U.S.C. Sec. 846 (conspiracy), and seven violations of 21 U.S.C. Sec. 841(a)(1) (manufacture, possession with intent to distribute, and distribution of contraband drugs). Burt was sentenced to two consecutive ten-year sentences, which he has begun serving. He appeals. Our jurisdiction is pursuant to 28 U.S.C. Sec. 1291.
 
 I.
 
 2
 Conviction of a violation of 21 U.S.C. Sec. 848 requires that the accused have engaged in a continuing series of drug or narcotic violations "in concert with five or more other persons with respect to whom such person occupies a position of organizer, a supervisory position, or any other position of management." It is not necessary under section 848 that the "supervisor" act in concert with five or more persons at the same time, or that five or more persons be engaged in any single criminal transaction. See United States v. Ray, 731 F.2d 1361, 1367 (9th Cir.1984); United States v. Smith, 690 F.2d 748, 750 (9th Cir.1982), cert. denied, 460 U.S. 1041, 103 S.Ct. 1435, 75 L.Ed.2d 793 (1983). Therefore, although fewer than five individuals were named in any single count of the indictment against Burt, Burt may nevertheless be convicted under section 848.
 
 
 3
 Burt argues that the proof was insufficient to support a finding that he acted in concert with five or more persons. Our review of the record satisfies us that his arguments are baseless. Drawing all inferences in favor of the government as we must, see United States v. Clevenger, 733 F.2d 1356, 1358 (9th Cir.1984), there was at least the "slight connection" sufficient to link Hall and Cooper, two of his alleged co-conspirators, with a conspiracy which had already been established between Burt and other convicted co-conspirators. See United States v. Arbelaez, 719 F.2d 1453, 1458 (9th Cir.1983), cert. denied, --- U.S. ----, 104 S.Ct. 3543, 82 L.Ed.2d 847 (1984). Hall and Cooper testified that they knew that the substance they were manufacturing was an illegal drug, and that Burt had cautioned them to secrecy, yet they continued to engage in their illegal activities. Furthermore, under the deferential standard of review appropriate here, see United States v. Kenny, 645 F.2d 1323, 1335 (9th Cir.), cert. denied, 452 U.S. 920, 101 S.Ct. 3059, 69 L.Ed.2d 425 (1981), we decline to disturb the jury's finding that Burt "acted in concert" with alleged co-conspirators Moss and Webster, who had engaged in extensive telephone conversations and visits with Burt during the period of drug manufacture, and had been observed in a variety of drug distribution activities.
 
 
 4
 Burt next argues that the trial court abused its discretion when it denied his motion for a bill of particulars seeking the names of "at least five other persons" whom he allegedly supervised. A bill of particulars has three purposes: to apprise the defendant of the specific charges being presented so as to minimize surprise at trial, to aid the defendant in preparing for trial, and to protect against double jeopardy. United States v. Long, 706 F.2d 1044, 1054 (9th Cir.1983). Burt supports his arguments, however, with only conclusory statements; he fails to demonstrate surprise, prejudice, or an increased risk of double jeopardy stemming from the alleged shortcomings of the indictment. Instead, the fact that the indictment actually named six supervisees and expressly incorporated "other co-conspirators both known and unknown to the grand jury," shows that a common sense, practical reading of the indictment would have apprised Burt of the specific charges against him. United States v. Christopher, 700 F.2d 1253, 1257 (9th Cir.), cert. denied, 461 U.S. 960, 103 S.Ct. 2436, 77 L.Ed.2d 1321 (1983). In the absence of surprise or prejudice, there is no absolute requirement that the government name more than five supervisees, or even that the supervisees be identified at all. See United States v. Hawkins, 661 F.2d 436, 451-52 (5th Cir.1981), cert. denied sub nom. McCain v. United States, 456 U.S. 991, 102 S.Ct. 2274, 73 L.Ed.2d 1287 (1982).
 
 II.
 
 5
 Shortly after Burt left a suspected drug laboratory on February 27, 1979, he allegedly was observed weaving within his lane and driving 60 miles per hour in a 55 mile per hour zone. Burt was then stopped and asked his name and address. He argues that this identification stop was an illegal seizure, and that his motion to suppress all information derived from the seizure should not have been denied.
 
 
 6
 We will perform a de novo review of the district court's conclusion that founded suspicion justified the identification stop. United States v. Maybusher, 735 F.2d 366, 371 & n. 1 (9th Cir.1984), cert. denied, --- U.S. ----, 105 S.Ct. 790, 83 L.Ed.2d 783 (1985). Unless there is "at least articulable and reasonable suspicion ... that either the vehicle or its occupant is ... subject to seizure for violation of law," Delaware v. Prouse, 440 U.S. 648, 663, 99 S.Ct. 1391, 1401, 59 L.Ed.2d 660 (1979), such a stop is unreasonable under the fourth amendment. See United States v. Cortez, 449 U.S. 411, 417-18, 101 S.Ct. 690, 694-95, 66 L.Ed.2d 621 (1981).
 
 
 7
 The police officer involved testified that he observed Burt's car weaving within its lane and driving 60 miles per hour in a 55 mile per hour zone. Similar facts have supported a finding of founded suspicion in California state courts, cf. People v. Perkins, 126 Cal.App.3d Supp. 12, 14, 179 Cal.Rptr. 431 (1981), and further, they suggest that the police officer had probable cause to believe that Burt was violating a traffic safety regulation--sufficient in itself to justify an identification stop. Delaware v. Prouse, 440 U.S. 648, 661, 99 S.Ct. 1391, 1400, 59 L.Ed.2d 660 (1979).
 
 
 8
 We need not consider whether the fruits of the seizure--Burt's name and address--were likely to have been discovered independently and were thus admissible in spite of their tainted source. See Nix v. Williams, *--- U.S. ----, 104 S.Ct. 2501, 81 L.Ed.2d 377 (1984); United States v. Lee, 699 F.2d 466, 468-69 (9th Cir.1982). But we note that Burt himself argues that his name and address could well have been discovered by other means than the stop. His motion to suppress was properly denied.
 
 III.
 
 9
 Burt contends that he was deprived of his sixth amendment right to effective assistance of counsel when the trial judge denied his attorney's application to withdraw, "treated the attorney as a nonentity," refused the attorney leave to attend a religious service, and barred him from cross-examining two witnesses. Even if we disapprove of the trial court's treatment of counsel, the issue here is whether the counsel was precluded from introducing or eliciting matter or arguments that would have been helpful to the defense. United States v. Robinson, 635 F.2d 981, 986 (2nd Cir.1980), cert. denied, 451 U.S. 992, 101 S.Ct. 2333, 68 L.Ed.2d 852 (1981). The court's actions must be clearly prejudicial to the rights of the party. United States v. Bennett, 702 F.2d 833, 836 (9th Cir.1983).
 
 
 10
 At best, the record demonstrates that the judge's remarks to counsel may have unnerved him and made it difficult for him to serve his client to the full extent of his ability. While such conduct is unfortunate and merits our mention, it did not clearly prejudice the rights of the accused. Id. Similarly, in light of the overwhelming proof of the defendant's guilt from other sources, Burt was not clearly prejudiced by the trial judge's refusal to permit cross-examination of two police officers who had been involved in the seizure of files from Burt's former attorney. Robinson, 635 F.2d at 986.
 
 
 11
 We find no abuse of discretion in the trial judge's denial of Burt's motion to disqualify the judge. See 28 U.S.C. Secs. 144, 455. Personal bias or a prejudiced attitude must be against the party, not against the attorney for the party. United States v. DeLuca, 692 F.2d 1277, 1282 (9th Cir.1982), rehearing on other grounds, United States v. Kaye, 739 F.2d 488 (9th Cir.1984). Burt fails to allege such a bias, and nothing in the record would suggest its existence. Furthermore, while other courts have suggested that "bias for or against an attorney can certainly result in bias toward the party," United States v. Ritter, 540 F.2d 459, 462 (10th Cir.), cert. denied sub nom. Olson Farms, Inc. v. United States, 429 U.S. 951, 97 S.Ct. 370, 50 L.Ed.2d 319 (1976); Davis v. Board of School Commissioners, 517 F.2d 1044, 1050-51 (5th Cir.1975), cert. denied, 425 U.S. 944, 96 S.Ct. 1685, 48 L.Ed.2d 188 (1976), Judge Real's bias was not so virulent here as to result in material harm to Burt's defense. We cannot find that denial of the motion was an abuse of discretion.
 
 IV.
 
 12
 The trial court sentenced Burt to ten years in prison for supervising a continuing criminal enterprise, 21 U.S.C. Sec. 848, and an additional ten years in prison, to be served consecutively, covering the counts of conspiracy, 21 U.S.C. Sec. 846, and the underlying predicate offenses, 21 U.S.C. Sec. 841. Burt argues that the conspiracy and substantive offenses are the same offenses for sentencing purposes as the section 848 charge, and hence that the consecutive punishments violate the fifth amendment's double jeopardy clause.
 
 
 13
 Because the Sec. 848 and Sec. 846 conspiracy charge are the same offenses for double jeopardy purposes, see Jeffers v. United States, 432 U.S. 137, 156-57, 97 S.Ct. 2207, 2219-20, 53 L.Ed.2d 168 (1977); United States v. Smith, 690 F.2d 748, 750 (9th Cir.1982), cert. denied, 460 U.S. 1041, 103 S.Ct. 1435, 75 L.Ed.2d 793 (1983), we vacate the Sec. 846 sentences for counts one and six, which run consecutively to the Sec. 848 CCE sentence. However, we affirm the consecutive sentences for the violations of both Sec. 848 and its predicate offenses.
 
 
 14
 The Circuits have split on the issue whether consecutive sentencing for CCE and its predicate substantive offenses violate the double jeopardy clause. Compare United States v. Leifried, 732 F.2d 388 (4th Cir.1984), and United States v. Gomberg, 715 F.2d 843, 851 (3d Cir.1983), cert. denied sub nom. Spielvogel v. United States, --- U.S. ----, 104 S.Ct. 1439, 79 L.Ed.2d 760 (1984), and United States v. Jefferson, 714 F.2d 689, 703 (7th Cir.1983), and United States v. Samuelson, 697 F.2d 255, 260 (8th Cir.1983), cert. denied, --- U.S. ----, 104 S.Ct. 1314, 79 L.Ed.2d 711 (1984), and United States v. Middleton, 673 F.2d 31, 33 (1st Cir.1982), and United States v. Chagra, 669 F.2d 241, 261-62 (5th Cir.), cert. denied, 459 U.S. 846, 103 S.Ct. 102, 74 L.Ed.2d 92 (1982) (finding double jeopardy violation), with United States v. Brantley, 733 F.2d 1429, 1437 (11th Cir.1984), cert. denied, --- U.S. ----, 105 S.Ct. 1362, 84 L.Ed.2d 383 (1985), and United States v. Mourad, 729 F.2d 195, 203 (2d Cir.) (finding no double jeopardy violation), cert. denied sub nom. Hargrave v. United States, --- U.S. ----, 105 S.Ct. 180, 83 L.Ed.2d 114 (1984).
 
 
 15
 The Supreme Court recently resolved the issue in Garrett v. United States, --- U.S. ----, 105 S.Ct. 2407, 85 L.Ed.2d 764 (1985). The Court found that "[t]he language, structure, and legislative history of the Comprehensive Drug Abuse, Prevention and Control Act of 1970, however, show in the plainest way that Congress intended the CCE provision to be a separate criminal offense which was punishable in addition to, and not as a substitute for, the predicate offenses." Id., at ---- - ----, 105 S.Ct. at 2412. The Court noted that the "presumption when Congress creates two distinct offenses is that it intends to permit cumulative sentences," id. at ----, 105 S.Ct. at 2419, and that "disallowing cumulative sentences would have the anomalous effect in many cases of converting the large fines provided by Sec. 848 into ceilings" that would thwart Congress' intent to deprive large drug dealers of their profits. Id. at ----, 105 S.Ct. at 2419. The Court distinguished Jeffers v. United States, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977), in which cumulative punishments for conspiracy under Sec. 846 and for CCE under Sec. 848 were found to violate the double jeopardy clause.
 
 
 16
 Garrett compels us to find that the double jeopardy clause was not violated by consecutive sentencing on both section 848 and its predicate section 841 offenses.
 
 
 17
 AFFIRMED.