**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Lawrence CHAVEZ; Robert Clarke, aka Bnd or Robert Clark; Melaquias Sandoval; Patrick Henry Zanzucchi; Robert Matthew Zanzucchi, Defendants–Appellants.**

Nos. 86–1233, 86–1238, 86–1239, 86–1252 and 86–1253.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 15, 1987.

Decided April 27, 1988.

Susan A. Ehrlich, Asst. U.S. Atty., Chief, Appellate Section, Phoenix, Ariz., for plaintiff-appellee.

Michael Morales, Cordova, Flores, Morales & Iniguez, Mesa, Ariz., for defendant-appellant Chavez.

Emmet J. Ronan, Henze, Ronan & Clark, Phoenix, Ariz., for defendant-appellant Clarke.

J. Douglas McVay, Phoenix, Ariz., for defendant-appellant Sandoval.

Dennis C. Jones, Phoenix, Ariz., for defendant-appellant Patrick Zanzucchi.

James L.P. Logan, Wisdom, Logan & McNulty, Phoenix, Ariz., for defendant-appellant Robert Zanzucchi.

Before CHOY, GOODWIN and BEEZER, Circuit Judges.

GOODWIN, Circuit Judge:

Chavez, Clarke, Sandoval, P. Henry Zanzucchi ("Hank") and R. Matthew Zanzucchi ("Matt") appeal their convictions for cocaine related crimes. Following a two-year investigation of narcotics violations in northern Arizona, Matt and Hank were indicted on two counts of organizing and supervising a continuing criminal enterprise in violation of 21 U.S.C. § 848 (1982). We address only these counts at this time. The remaining assignments of error are considered in an unpublished memorandum disposition.

■ Hank and Matt assert that the court erred in denying their pretrial motions for a bill of particulars. In order to convict under the criminal enterprise statute, the prosecution must show that the defendant supervised, organized, or occupied a position of management with respect to at least five persons, and that the defendant engaged in a series of violations. Hank and Matt moved pretrial to require the government to specify which persons they were being charged with controlling, and what violations constituted the series. The government gave the defendants a limited bill of particulars. The defendants' motion for an additional bill of particulars was denied.

■ A bill of particulars is intended to apprise a defendant of the charges in sufficient detail to minimize surprise at trial, to allow the defendant to prepare a defense, and to protect against double jeopardy. *United States v. Burt*, 765 F.2d 1364, 1367 (9th Cir.1985); *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir.1983). The scope and specificity of a bill of particulars rest within the sound discretion of the trial court. Its decision will not be disturbed unless the court abused its discretion. *Long*, 706 F.2d at 1054.

■ In *Burt*, this court found to be sufficient an indictment which actually named six supervisees and expressly incorporated "other co-conspirators both known and unknown to the grand jury." *Burt*, 765 F.2d at 1367. The Zanzucchi indictment, however, named none of the supervisees, but stated only that Matt and Hank had supervised "five or more other persons." A limited bill of particulars had named five supervisees and stated that "[o]ther persons who fall within this category are not currently before the court as defendants." [1] In its closing arguments, the government listed nine individuals whom it claimed that Matt had supervised and ten individuals whom it claimed that Hank had supervised. Of these, only three had been listed in the bill of particulars. Three others were defendants listed in the indictment, but were not included in the bill of particulars. [2] Most of those named in closing argument

---

1. The bill of particulars named "L. Chavez, R. Clark, C. Livanos, J. Livanos with the possibility that W. Weldon may be one of the five or more individuals."

2. Sanchez, Lopez and Richardson were co-defendants. The government argues that Matt and Hank both supervised Lopez, and that Hank supervised Sanchez and Richardson.

had never been identified to Matt and Hank as persons whom the government would seek to prove were supervised or managed by Matt and Hank. Apparently the court limited the identification of supervisees to named defendants because of the court's concern for the witnesses' safety. This limitation alone would not be an abuse of discretion. However, as noted, the bill of particulars did not include several codefendants whom the government eventually argued were supervised by Matt or Hank. It also included several defendants whom the government did not at trial argue were supervised by Matt or Hank.

The government argues that the record does not indicate that Matt and Hank were surprised as to the identity of any of those persons whom the government argues were their supervisees, and that Matt and Hank make only opportunistic, after the fact, statements of surprise. *See Burt,* 765 F.2d at 1367 (citing *United States v. Hawkins,* 661 F.2d 436, 451–52 (5th Cir. 1981) (dicta), *cert. denied,* 456 U.S. 991, 102 S.Ct. 2274, 73 L.Ed.2d 1287 (1982)). However, it is equally clear that the government's conclusions that Matt and Hank could not have been surprised are mere opinion. Thus, the cases cited by the government are inapposite. In *Burt,* the indictment listed six supervisees and proof included the six.

In *Hawkins,* the court found that the defendant had been put on notice through a list of overt acts in the indictment, which included the names of codefendants and others who eventually became key government witnesses. Any prejudice was obviated when the prosecutor named the supervisees in the opening statement. *Hawkins,* 661 F.2d at 452. Here, by contrast, the indictment lists none of the supervisees. Of those persons whom the government eventually argued were supervisees, the bill of particulars lists only three codefendants. The list of overt acts adds nothing because it contains the names of those same three codefendants. Although four of Matt's alleged supervisees and six of Hank's alleged supervisees were named codefendants in the indictment, the bill of particulars stated that other supervisees besides those codefendants named were "not currently before the court as defendants." This could have been misleading. Finally, the government waited until closing argument to name the supposed supervisees.

The statement in the bill of particulars that no codefendants besides those already named in the bill of particulars would be included among those supervised could have prejudiced the defense. The statement was affirmatively misleading. It also raises the problem of variance. A harmless variance may be disregarded. Fed.R. Crim.P. 52(a). On the other hand, a defendant's substantial rights may be prejudiced:

> A variance between the charge of the indictment and the proof offered at trial may affect the substantial rights of a defendant in a criminal case if the effect is to prevent the defendant from presenting his defense properly, or if it takes him unfairly by surprise, or if it exposes him to double jeopardy.

*United States v. Bolzer,* 556 F.2d 948, 950 (9th Cir.1977) (quoting *United States v. Anderson,* 532 F.2d 1218, 1227 (9th Cir.), *cert. denied,* 429 U.S. 839, 97 S.Ct. 111, 50 L.Ed.2d 107 (1976)). In *Bolzer,* four overt acts were alleged in the indictment in a conspiracy count, but only one act was proved at trial. Because the defendants had to prepare to meet each of the four overt acts, we found no prejudice. *Id.* at 950–51.

In *Anderson,* this court also found no surprise or prejudice where the indictment charged that the defendant received stolen property valued at $405,000. The proof at trial showed that the par value of the stock was only $90,000. There was no variance because the proof also established that the market value of the stock was approximately $405,000. Nor was there any surprise because the defendant had been allowed to inspect the government's evidence in advance of trial. *Anderson,* 532 F.2d at 1227.

In the case at bar, however, the defendants were affirmatively misled into believ-

ing that they would not have to prepare a defense against the assertion that other codefendants besides those named in the bill of particulars were in fact supervisees. Given this misleading statement, the Zanzucchis' claims of surprise have some merit. Moreover, the record also undercuts the government's reason for not providing additional names of supervisees—protecting the safety of noncodefendant witnesses. While the trial judge's discretion is entitled to considerable deference, it must be informed discretion. If the government misled the defendants the same misinformation could have led the court into a prejudicial denial of a complete bill of particulars.

In light of these factors, Matt and Hanks' convictions on the continuing criminal enterprises counts—Counts 1 and 2—are defective. These counts must be VACATED and the case REMANDED for retrial or resentencing if the government elects not to try the counts again.

■ We must also vacate the forfeiture order for the $18,000 seized from Granny's Closet. Without the underlying continuing criminal enterprise convictions, there can be no forfeiture. Clearly, however, the government is free to seek forfeiture of these or any other assets, should it choose to retry these counts.

Because we reverse on the bill of particulars-supervisees issue, we need not address the Zanzucchis' claim that the trial court abused its discretion in denying a bill of particulars concerning the series of violations. Other claims of error, as well as the claims of the other defendants are disposed of in an unpublished memorandum disposition.

REVERSED in part and REMANDED.