**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Patrick Henry ZANZUCCHI and Robert Matthew Zanzucchi,**
**Defendants–Appellants.**

**Nos. 86–1252, 86–1253.**

United States Court of Appeals,
Ninth Circuit.

Dec. 14, 1989.

Before GOODWIN, Chief Judge, and CHOY and BEEZER, Circuit Judges.

The Government's petition for rehearing is granted and the opinion published at 845 F.2d 219 is withdrawn.

Chavez, Clarke, Sandoval, P. Henry Zanzucchi ("Hank") and R. Matthew Zanzucchi ("Matt") appealed their convictions for various cocaine related crimes. All but two of the counts were affirmed in an unpublished memorandum disposition (filed April 28, 1988).

■ In the two remaining counts, Hank and Matt ("defendants") were each indicted and convicted of organizing and supervising a continuing criminal enterprise ("CCE") in violation of 21 U.S.C. § 848 (1982). An element of the CCE offense is that the defendant must occupy "a position of organizer, a supervisory position, or any other position of management" with respect to five or more other persons. 21 U.S.C. § 848. Matt filed a motion, later joined by Hank, for a bill of particulars seeking the identity of these five or more supervisees. In our opinion, published at 845 F.2d 219 (1988), we reversed the CCE convictions, finding that Hank and Matt were "affirmatively misled into believing that they would not have to prepare a defense against the assertion that other codefendants besides those named in the bill of particulars were in fact supervisees." 845 F.2d at 221–22. We also reversed the forfeiture of $18,000 seized from a safe on the basis of the underlying CCE convictions.

The Government's petition for rehearing demonstrates that our opinion is based on a misreading of the record as it relates to the bill of particulars. The bill of particulars named as supervisees "L. Chavez, R. Clark, C. Livanos, J. Livanos with the possibility that W. Weldon may be one of the five or more individuals." The bill then stated that "[o]ther persons who fall within this category [of supervisees] are not currently before the court as defendants." On its face, this latter statement appears affirmatively misleading, insofar as several defendants who were named in the indictment (that is, defendants who were literally before the court), but not named in the bill of particulars, were later argued to be supervisees, specifically, Gilbert Lopez, Keith Richardson and Mike Sanchez.

■ However, the bill of particulars was not misleading in the context in which it was given. The court had divided potential supervisees into three categories:

1. Defendants who had been named in the indictment but had entered into a plea agreement and were not currently before the court;

2. Defendants who were currently before the court; and

3. Persons who had never been before the court.

The court explicitly limited the bill of particulars to the second category. Thus, the government was not obligated to include the names of those who had pled—Mike Sanchez, Keith Richardson, and Gilbert Lopez. Nor was the government obligated to give the names of those who had never been charged. The bill of particulars merely restated the court's limitation, a limitation of which defense counsel was already aware.

■ Hank and Matt make other arguments that the government misled them about the identity of the supervisees. Some of those included in the bill of particulars were not actually argued by the government to be supervisees. Some of the persons argued to be supervisees in

closing argument were not named in either the opening statement or bill of particulars. Nevertheless, absent a specific showing of surprise or prejudice, there is no requirement that an indictment or a bill of particulars identify the supervisees in a CCE case. *United States v. Burt,* 765 F.2d 1364, 1367 (9th Cir.1985).

Had the bill of particulars affirmatively misled defendants in the manner we stated in our previous opinion, defendants would have been lulled into failing to prepare a defense against the government's argument that Mike Sanchez, Keith Richardson, and Gilbert Lopez were supervisees. The defendants have not demonstrated that the other alleged insufficiencies affirmatively misled them into failing to prepare a defense or otherwise led to surprise or prejudice.

We therefore withdraw the opinion at 845 F.2d 219 (1988) (reversing defendants' CCE convictions). In its place, we file a memorandum disposition, which examines the arguments for reversal of the CCE convictions not addressed in the opinion or earlier memorandum disposition.