977 F.2d 590
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Tiffany McCALL, Plaintiff-Appellant,
v.
Tom BRADLEY; Herbert Boeckmann; Stephen Yslas; Barbara L.
Schlei; Marvin Braude; Hal Bernson; Ruth
Galanter, Defendants-Appellees.
 No. 91-56339.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 13, 1992.*
Decided Oct. 19, 1992.
 
 Before BEEZER, CYNTHIA HOLCOMB HALL and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Tiffany McCall appeals the district court's order dismissing her 42 U.S.C. § 1983 civil rights action against Los Angeles Mayor Tom Bradley and present and former members of the Los Angeles Police Commission pursuant to Fed.R.Civ.P. 12(b)(6). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 * As a preliminary matter, we grant appellees' April 3, 1992 motion and take judicial notice of the following related district court proceedings: Kimberly McCall v. Daryl Gates, et al., CV-88-1825 (McCall I ) and Tiffany McCall v. Daryl Gates, et al., CV-89-5793 (McCall II ).
 
 
 4
 McCall I was filed on April 4, 1988. McCall II was filed September 29, 1989. The action giving rise to this appeal, CV-91-1330 (McCall III ) was filed March 12, 1991. All three actions arise from the January 13, 1988 alleged wrongful death of William McCall. All three premise governmental entity, municipal, supervisory and police officer liability on the alleged existence of an explicitly adopted or tacitly authorized municipal policy or custom as discussed in Monell v. New York City Dept. of Social Services, 436 U.S. 658 (1978).
 
 
 5
 McCall I named as defendants Los Angeles Police Chief Daryl Gates and 50 unknown police officers. McCall II named Gates, the City of Los Angeles, 3 named police officers and 50 unknown employees and/or officials of the City of Los Angeles. In October 1989, McCall II was amended to add as defendants five additional police officers. McCall III, filed during the pendency of McCall II, named Los Angeles Mayor Tom Bradley and present and former members of the Los Angeles Police Commission.
 
 
 6
 At the hearing on defendants' motion to dismiss McCall III, the district court noted that McCall had not sought to amend McCall II to add the defendants now named in McCall III. As a result, the district court found McCall III to be duplicative of McCall II and dismissed the action pursuant to Rule 12(b)(6). Furthermore, the district court judge denied McCall's counsel's request that he recuse himself. McCall timely appeals.
 
 II
 
 7
 Although we agree with appellant's contention that the district court's reliance on Rule 12(b)(6) as grounds for dismissal was inappropriate, we may affirm on any ground supported by the record. See Kruso v. ITT Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990).
 
 
 8
 District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, ... dismissal of a case." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.1992). After weighing the five dismissal factors this court has advised the district courts to consider before resorting to dismissal, we conclude that the district court did not abuse its discretion in dismissing McCall III. See Ferdik, 963 F.2d at 1261.
 
 
 9
 First, the public's interest in expeditious resolution of litigation and the trial court's interest in docket control strongly support dismissal in this instance. McCall II had been pending in the district court for one and one-half years when McCall filed McCall III. In fact, the discovery cutoff and pretrial dates had passed in McCall II, and the case was ready for trial. Moreover, had the district court imposed the less drastic alternative of consolidating this action with or construing it as an amendment to McCall II, defendants in McCall II would have been unfairly prejudiced by the additional delay. See e.g., Moore v. Kayport Package Exp., Inc., 885 F.2d 531, 538 (9th Cir.1989).[1] Finally, any public policy favoring disposition on the merits will be satisfied through the disposition of McCall II, an action raising the same issues and arising from the same set of facts as McCall III, albeit without access to the Mayor or the Police Commission.
 
 
 10
 Based on our review of the record and a careful weighing of the relevant factors, we cannot say that the district court abused its discretion in dismissing McCall III as duplicative. Moreover, because the district court did not show a personal bias or prejudice against Tiffany McCall nor is there any indication of an extrajudicial source of the alleged bias, the district court did not abuse its discretion in denying the request for recusal. See Toth v. Trans World Airlines, Inc., 862 F.2d 1381, 1388 (9th Cir.1988); United States v. Burt, 765 F.2d 1364, 1368 (9th Cir.1985).
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In determining whether justice requires leave to amend, we consider the presence or absence of undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies by previous amendments and undue prejudice to the opposing party. See Moore, 885 F.2d at 539. Here, even if McCall III were construed as a motion for leave to amend McCall II pursuant to Fed.R.Civ.P. 15(a), we find that it would not have been an abuse of discretion for the district court to deny such a request, coming as it did so late in the process