15 F.3d 1095
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Matthew ZANZUCCHI, Defendant-Appellant.
 No. 93-15311.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Dec. 6, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert Matthew Zanzucchi appeals pro se the district court's denial of his two consolidated 28 U.S.C. Sec. 2255 motions. Zanzucchi contends that the district court erred by finding that his claims were procedurally defaulted because he did not raise them on direct appeal. We have jurisdiction under 28 U.S.C. Sec. 2255. We review de novo, United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir.1990), and affirm.
 
 
 3
 A Sec. 2255 claim is procedurally defaulted if the defendant could have but did not raise it on direct appeal, and the defendant must show cause for the default and resulting prejudice. United States v. Frady, 456 U.S. 152, 167 (1982); United States v. Johnson, 988 F.2d 941, 945 (9th Cir.1993).
 
 
 4
 Zanzucchi was convicted for organizing and supervising a continuing criminal enterprise (CCE), conspiracy to possess with intent to distribute and to distribute cocaine, interstate travel in aid of a racketeering enterprise, and two counts of distribution of cocaine. In his Sec. 2255 motions, Zanzucchi claimed that at trial, the district court violated his right to due process by (1) issuing supplemental jury instructions defining the terms organizer, supervisor, and manager contained in the CCE charge and (2) failing to instruct the jury as to who could not be counted as a supervisee in determining whether Zanzucchi was guilty of CCE. Zanzucchi did not raise these claims on direct appeal. See United States v. Zanzucchi, 892 F.2d 56 (9th Cir.1989) (affirming conviction on CCE count); United States v. Chavez, Nos. 86-1233, 86-1238, 86-1239, 86-1252, and 86-1253, unpublished memorandum disposition (9th Cir. Apr. 27, 1988) (affirming conviction on other counts).
 
 
 5
 Zanzucchi argues that he has established cause for his procedural default because he was represented by counsel on direct appeal but now is proceeding pro se. This argument lacks merit because Zanzucchi has not made any showing that his appellate attorney denied him his Sixth Amendment right to counsel by failing to raise the two jury instruction claims. See Murray v. Carrier, 477 U.S. 478, 488 (1986) (attorney ineffectiveness that violates the Sixth Amendment is cause for a procedural default).
 
 
 6
 Zanzucchi also argues that he has established cause with respect to his second claim because there was a change in the law after his direct appeal. He cites United States v. Jerome, 924 F.2d 170, 173 (9th Cir.1991), for the proposition that "where the jury had a confusing array of persons presented, some of whom could be counted [as CCE supervisees] and some of whom could not be counted, it was plain error to fail to instruct the jury as to who could not count." Regardless of whether Jerome established a new rule, it has been superceded. See United States v. Jerome, 942 F.2d 1328 (9th Cir.1991) (reversing CCE conviction on other grounds). Accordingly, there was no change in the law establishing cause for Zanzucchi's failure to raise his second claim on direct appeal. See Frady, 456 U.S. at 167; Johnson, 988 F.2d at 945.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4