**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Lal BHATIA, Defendant–Appellant.**

**No. 06–10657.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 3, 2007.

Filed Dec. 14, 2007.

Merry Jean Chan, U.S. Attorney's Office, San Francisco, CA, for Plaintiff–Appellee.

Gerald P. Peters, Esq., Ramiah Shanti Bright–Brien, Thousand Oaks, CA, Pmb, Oakland, CA, Sunita Kapoor, Esq., Law Offices of Sunita Kapoor, Danville, CA, for Defendant–Appellant.

Before: B. FLETCHER, BERZON, and RAWLINSON, Circuit Judges.

## MEMORANDUM *

Appellant Lal Bhatia (Bhatia) challenges his conviction and sentence for money laundering and fraud.

1. In the absence of an adequate showing that there was privileged informa-

tion, the district court did not abuse its discretion when it denied Bhatia's motion to dismiss the indictment and to suppress evidence as a sanction for the government's accessing of Bhatia's computers. *See United States v. Fernandez*, 388 F.3d 1199, 1240 (9th Cir.2004).

2. The district court did not abuse its discretion when it denied Bhatia's motion to continue his trial, as Bhatia did not demonstrate that the district court's "denial was arbitrary or unreasonable." *United States v. Rivera–Guerrero*, 426 F.3d 1130, 1138 (9th Cir.2005) (citation and internal quotation marks omitted).

3. We decline to review Bhatia's ineffective assistance of counsel claim on direct appeal, because this is not "the unusual case[ ](1) where the record on appeal is sufficiently developed to permit determination of the issue, or (2) where the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *United States v. Jeronimo*, 398 F.3d 1149, 1156 (9th Cir.2005) (citation omitted).

4. Bhatia's challenge to the district court's disqualification of Bhatia's counsel, William Houser, from cross-examining a particular witness fails due to a lack of prejudice. *See United States v. Burt*, 765 F.2d 1364, 1368 (9th Cir.1985).

5. The district court did not err in instructing the jury. No specific unanimity instruction was warranted, as the indictment alleged a single scheme to defraud, and the government argued one scheme to the jury. *See United States v. Jackson*, 72 F.3d 1370, 1383 (9th Cir.1995).

Additionally, the district court was not required to define the common term "lull,"

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

which was not used in a technical or confusing manner. *See United States v. Young,* 458 F.3d 998, 1010 (9th Cir.2006).

6. The district court properly applied the money laundering guidelines to Bhatia's case. *See United States v. Lomow,* 266 F.3d 1013, 1018–19 (9th Cir.2001); *see also United States v. Johnson,* 297 F.3d 845, 867 (9th Cir.2002).

7. The district court's sentence was reasonable, as it was within the sentencing guideline range and warranted by Bhatia's conviction. *See United States v. Perez–Perez,* No. 06–30341, 506 F.3d 736, 2007 WL 3052985, at *1–2 (9th Cir. Oct. 22, 2007).

8. Bhatia fails to demonstrate that a sentence reduction was warranted by any alleged sentencing disparities with similarly situated defendants. *See United States v. Banuelos–Rodriguez,* 215 F.3d 969, 974 (9th Cir.2000) (en banc).

**AFFIRMED.**