NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 16 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| S. A. THOMAS, in both his individual and class representative capacities,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>LEROY D. BACA; et al.,<br><br>        Defendants-Appellees. | No.   15-55399<br><br>D.C. No.<br>2:14-cv-07883-R-VBK<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Argued and Submitted June 7, 2017
Pasadena, California

Before: LIPEZ,** BEA, and HURWITZ, Circuit Judges.

S.A. Thomas appeals the district court's dismissal of his First Amended

Complaint ("FAC"). We have jurisdiction to hear this appeal under 28 U.S.C.

§ 1291 and affirm. Because the parties are familiar with the factual and procedural

---

     \*     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     \*\*    The Honorable Kermit V. Lipez, United States Circuit Judge for the First Circuit, sitting by designation.

background, we repeat only those facts necessary to resolve the issues raised on appeal.

1.  Thomas contends that the district court abused its discretion when it denied his motion to recuse Judge Manuel L. Real.  We disagree.  In denying the motion, Judge S. James Otero reasonably determined that any alleged animosity held by Judge Real against Stephen Yagman, a former attorney acting as a paralegal for Thomas, did not amount to bias against Thomas, and that Thomas had failed to provide evidence of any bias by Judge Real against Marion Yagman, Thomas's attorney.  *See United States v. Jacobs*, 855 F.2d 652, 656 n.2 (9th Cir. 1988) (per curiam) (citing *United States v. Burt*, 756 F.2d 1364, 1368 (9th Cir. 1985)).

2.  Thomas also contends that the district court erred when it dismissed the FAC, which alleged constitutional claims and civil RICO[1] claims.  But, Thomas's opening brief presented no argument or record citations to support his contention that the court erred when it dismissed his constitutional claims.  Therefore, Thomas waived these claims on appeal.  *See Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst v. La. Hydrolec*, 854 F.2d 1538, 1548 (9th Cir. 1988) (per curiam); Ninth Circuit Rule 28-1(b); Fed. R. App. P. 28(a)(8)(A); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 687 (2009) (holding that mere recitation of "bare elements" of a cause of

---

[1] Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. § 1964.

2

action is insufficient to survive dismissal).

And, the district court did not err when it dismissed Thomas's civil RICO claims. The district court properly dismissed Thomas's claims against Defendants in their official capacities, as those claims are properly made against the Los Angeles County Sheriff's Department, *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989), and governmental entities cannot form the necessary criminal intent to commit a RICO violation, *see Pedrina v. Chun*, 97 F.3d 1296, 1300 (9th Cir. 1996). The district court also properly dismissed Thomas's civil RICO claims against Defendants in their personal capacities. The FAC proffered legal conclusions in support of these claims rather than specific factual allegations. *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 583 (9th Cir. 1983) ("Because the complaint is vague, conclusory, and general and does not set forth any material facts in support of the allegations, these claims were properly dismissed.").

3. Thomas next contends that the district court abused its discretion when it denied his motion for class certification. The district court held that Thomas had not demonstrated the commonality required by Federal Rule of Civil Procedure 23(a), and Thomas's opening brief fails to identify which allegations in the FAC establish commonality. Therefore, Thomas has not demonstrated that reversal is warranted.

4. Finally, Thomas contends that the district court erred when it refused to

refund his filing fee.  Because Thomas's opening brief did not present any argument or citations to the record to support this contention, the issue is also waived.  *See Nilsson*, 854 F.2d at 1548.

**AFFIRMED.**