

**FILED**
March 17, 2023 11:28 AM
SX-2022-CR-00034
**TAMARA CHARLES**
**CLERK OF THE COURT**

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. CROIX**

| | |
|---|---|
| **PEOPLE OF THE VIRGIN ISLANDS,** | **SX-2022-CR-034** |
| **Plaintiff,** | |
| vs. | |
| | **CITE AS: 2023 VI SUPER 8** |
| **LYNDON TYSON,** | |
| **Defendant.** | |

**Appearances:**
**William A. Appleton, Jr. Esq.**
Virgin Islands Department of Justice
St. Croix, U.S. Virgin Islands
*For the People of the Virgin Islands*

**Leslie E. Davis, Esq.**
Office of the Public Defender
St. Croix, U.S. Virgin Islands
*For Lyndon Tyson*

## MEMORANDUM OPINION AND ORDER

**WILLOCKS, Senior Sitting Judge**

¶ 1    **THIS MATTER** is before the for review sua sponte.

### BACKGROUND

¶ 2    On February 3, 2022, the People of the Virgin Islands (hereinafter "People") filed an information against Defendant Lyndon Tyson (hereinafter "Defendant") and the affidavit of Police Detective Ellery C. Qualley, dated February 3, 2022. On February 14, 2022, the People filed a first amended information. The first amended information charged Defendant with the following counts:

> Count I: LYNDON TYSON, did perpetrate an act or acts of sexual intercourse against S.P. who was at that time under the age of thirteen, by slightly penetrating her vagina with his penis, in violation of Title 14 V.I.C. § 1700 (a)(1) (aggravated rape in the first degree);

Count II: LYNDON TYSON did engage in unlawful sexual contact with S.P., who was at that time under thirteen years of age, by touching her vagina with his hand and/or penis for the purpose of sexual gratification, in violation of Title 14 V. I. C. § 1708 (a)(2) (unlawful sexual contact in the first degree);

Count III: LYNDON TYSON did abuse S.P. by having sexual contact with her, and thereby inflicting upon her great mental and/or emotional harm, in violation of Title 14 V.I.C. §506(2) (aggravated child abuse).

(First Amended Information.)

¶ 3    On April 13, 2022, Defendant filed a motion for a bill of particulars. In response, the People filed an opposition and Defendant filed a reply thereafter.

¶ 4    On October 24, 2022, the People filed a motion to amend the first amended information. The People attached a copy of the proposed second amended information and a copy Police Detective Ellery C. Qualley's affidavit as exhibits to their motion. In response, Defendant filed an opposition and the People filed a reply thereafter.

## DISCUSSION

¶ 5    The amendment proposed by the People in its motion to amend the first amended information included additional conduct for which Defendant is being charged with in Count I and Count II, the amendment proposed did not address the specific information requested by Defendant in his motion for a bill of particulars. Thus, the Court will address Defendant's motion for a bill of particulars and the People's motion to amend in turn.

### I.    Defendant's motion for a bill of particulars

¶ 6    In his motion, Defendant requested, pursuant to Federal Rules of Criminal Procedure 7(f), the Court "to order the People to provide a Bill of Particulars to the Defendant" as follows:

"State SPECIFICALLY when, including but not limited to, time, date, and place that the Defendant allegedly perpetrated the acts alleged in Count I of the Information";

> "State SPECIFICALLY when, including but not limited to, time, date, and place that the Defendant allegedly perpetrated the acts alleged in Count 2 of the Information. Describe with specificity the conduct for which Defendant is being charged"; and

> "State SPECIFICALLY when, including but not limited to, time, date, and place that the Defendant allegedly perpetrated the acts alleged in Count 3 of the Information. Describe with specificity the conduct for which Defendant is being charged."

(Motion 1, 3.)

Defendant made the following assertions in support of his request: (i) "Each of the matters requested herein is absolutely essential to enable the defense (1) to prepare for trial, (2) prevent surprise at the time of trial, and (3) to interpose a plea of double jeopardy in the event of a subsequent prosecution for the same offense." (Id.); (ii) "The particulars requested are also necessary because the allegations set forth in the indictment are wholly, conclusory, vague, overbroad and further, fail to set for the with specificity, time, place, and manner it is alleged that the defendant engaged in criminal activity." (Id.); (iii) "It is submitted that each of the items requested herein comes well within the scope of Rule 7(f) particularly in view of the fact that defendant request those facts; therefore, any argument that the requests are evidentiary in nature is unfounded." (Id.); (iv) "Defendant is accused of these charges taking place within a timeframe that is overbroad, namely, between 2014 and 2021 with no specified location in some instances [and] [w]ithout answers to the requests for specifics in this case it is impossible to determine whether any defenses are available or whether he has an alibi for these instances." (Id., at 1-2); and (v) "The 1966 amendment of Rule 7(f) eliminated the requirement of a showing of cause, thereby encouraging a more liberal attitude by the courts towards bills of particulars."[1] (Id., at 2.)

---

[1] Defendant referenced: *United States v. Smith*, 16 F.R.D. 372 (W.D.MO. 1954); *United States v. Bortnovsky*, 820 F.2d 572 (2d Cir. 1987).

¶ 7     In its opposition, the People argued that the Court should deny Defendant's request. The People made the following assertions in support of its argument: (i) "Defendant did not sufficiently demonstrate or indicate how the Information was so lacking that the Court should grant the motion and direct the People to file a bill of particulars"—to wit, "Defendant's Motion is comprised of multiple boilerplate assertions in that it states the Information is conclusory, vague, overboard and fails to set forth with specificity, time place, and manner the Defendant engaged in criminal activity." (Opp. 3); (ii) "A motion for a bill of particulars should be granted only when: (1) the charging document fails to adequately inform the defendant of the nature of the charges against him such that he cannot adequately prepare a defense, or (2) when necessary to avoid or minimize surprise at trial, or (3) when the information fails to set forth sufficient facts to enable the defendant plead double jeopardy at a subsequent trial."[2] (Id.); (iii) "[T]he Information in this case adequately informs the Defendant of the nature of the charges against him"—to wit, "[e]ach charge follows the relevant wording of the statute and specifically references every element of the crime alleged [and] specifically describes how the crime was committed," "[t]he Information sets forth the approximate dates and jurisdiction of the incident, the identity of the victim, which is initialed due to being a minor, and includes a detailed signed affidavit in support of the Information," and "[t]he Defendant was also provided with a video statement from the minor victim, S.P., to put him on notice of whom that person is and the specific nature of the allegations." (Id., at 4); (iv) "The Information is sufficient to minimize and avoid surprise at trial"—to wit, "[t]he People have provided defense through discovery an abundant amount of information, more than that required by *Brady v. Maryland*, 373 U.S. 83 (1963), the *Jencks Act*, and Rule 16 of the Federal Rules of

---

[2] The People referenced: *United states v. Addonizio*, 451 F.2d 49, 63-65 (3rd Cir. 1972); *United States v. Cuesta*, 597 F.2d 903, 920 (5th Cir. 1979); *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979).

Criminal Procedure." (Id., at 4-5); (v) "The Information sets for the sufficient facts so that the Defendant could claim double jeopardy at any future trial"—to wit, "[t]he Information and supporting affidavit describe what criminal acts are alleged to have occurred, with reference to a specifically identified victim, and their approximate dates" and "[a]ccording to the police reports provided to the defense, the victim has stated that the acts were ongoing over the course of several years." (Id., at 5); and (vi) "Defendant attempts to disguise a discovery motion under the heading of a bill of particulars." (Id.) (emphasis omitted.)

¶ 8    In his reply, Defendant reiterated his prior assertions and included the following new assertions: (i) "Defendant is from St. Thomas and has many family members there" and [he] visits the island of St. Thomas on a frequent basis." (Reply 1); (ii) "More specific information about the dates when these events allegedly occurred will enable Defendant to better defend himself." (Id.); (iii) Granting a Bill of Particulars in this case will aid the Defendant in preparing for trial, eliminate surprise at trial, and protect him against double jeopardy."[3] (Id., at 1-2); and (iv) "[C]lose issues should be resolved in favor of additional disclosure."[4] (Id., at 2.)

¶ 9    The Court must note at the outset that Defendant erroneously cited to Rule 7(f) of the Federal Rules of Criminal Procedure, which has not applied to proceedings in the Superior Court since the promulgation of the Virgin Islands Rules of Criminal Procedure in 2017.[5] Defendant is reminded to cite to the applicable legal authority in future filings. The Court must further note that

---

[3] Defendant referenced: *United States v. Burt*, 765 F.2d 1364, 1367 (9th Cir. 1985).

[4] Defendant referenced: *United States v. Manetti*, 323 F. Supp. 683 (D. Del. 1971).

[5] "The previous version of Superior Court Rule 7 made the Federal Rules of Criminal Procedure applicable in the Superior Court. Effective December 1, 2017, the Virgin Islands Rules of Criminal Procedure became operative and were subsequently amended on December 19, 2017. S. Ct. Prom. Orders 2017-010 (Dec. 1 & 19, 2017). Further, Promulgation Order 2017-0006 amended Superior Court Rules 1 and 7 and repealed rules 12, 27, 29, 31, 36, 38, 29, and 50. *Toussaint v. Stewart*, 67 V.I. 931, 943 n.6 (V.I. 2017); *M. Davis v. People*, 69 V.I. 619, 652 n.24, 2018 V.I. Supreme LEXIS 23, *48 n.24, 2018 WL 3695089, at *18 n.24 (V.I. 2018)." *Gonsalves v. People of the V.I.*, 70 V.I. 812, 827 n.4 (V.I. 2019).

Defendant cited to *United States v. Smith*, a case from the United States District Court for the Western District of Missouri, and *United States v. Bortnovsky*, a case from the United States Court of Appeals for the Second Circuit in his motion, and cited to *United States v. Burt*, a case from the United States Court of Appeals for the Ninth Circuit, and *United States v. Manetti*, a case from the United States District Court for the District of Delaware, in his reply, but Defendant failed to explain why these cases constitute binding legal precedent on this Court as to the legal issues involved in this instance. Defendant is reminded that if Defendant cites to non-binding legal authority, he should explain why the Court should follow the reasoning. "It is not the Court's job to research and construct legal arguments open to parties … In order to develop a legal argument effectively, the facts at issue must be bolstered by relevant legal authority; a perfunctory and undeveloped assertion is inadequate." *V.I. Taxi Association v. West Indian Company, Limited*, 2016 V.I. LEXIS 170, *4 (Super. Ct. Oct. 18, 2016) (citing *Charles v. CBI Acquisitions, LLC*, 2016 V.I. LEXIS 62, *27 n. 66). The Court declines to make such argument on the People's behalf. *See Joseph v. Joseph*, 2015 V.I. LEXIS 43, *5 (V.I. Super. Ct. Apr. 23, 2015) ("[I]n general, the Court will not make a movant's arguments for him when he has failed to do so."). Upon review of the first amended complaint, the Court finds that it provided "a plain, concise, and definite written statement of the essential facts constituting the offense" and that for each count, the information gave "the official or customary citation of the statute, rule, regulation, or other provision of law that the defendant is alleged to have violated" as required under Rule 3 of the Virgin Islands Rules of Criminal Procedure. V.I. R. CRIM. P. 3(b). As such, the Court will deny Defendant's motion for bill of particulars.[6]

---

[6] Under Rule 3(e) of the Virgin Islands Rules of Criminal Procedure, the decision to grant a request for a bill of particulars is within the discretion of the Court. *See* V.I. R. CRIM. P. 3(e) ("The court may direct the government to file a bill of particulars.").

## II.    Plaintiff's motion to amend the first amended information

¶ 10    In its motion, the People argued that the Court should permit the following amendment (in bold) to Count I and Count II of the first amended complaint:

> Count I-aggravated rape in the first degree: LYNDON TYSON, did perpetrate an act or acts of sexual intercourse **or sodomy** against S.P. who was at that time under the age of thirteen, by slightly penetrating her vagina with his penis, **and/or engaging in acts of cunnilingus and/or fellatio with S.P.,** in violation of Title 14 V.I.C. § 1700(a)(1);

> Count II-unlawful sexual contact in the first degree: LYNDON TYSON did engage in unlawful sexual contact with S.P., who was at that time under thirteen years of age, by touching her vagina, **and/or lips, and/or breast(s), and/or buttocks** with his hand and/or penis, for the purpose of **arousing or gratifying the** sexual gratification, **desire of any person, or by engaging in acts of cunnilingus and/or fellatio with S.P.,** in violation of Title 14 V. I. C. § 1708(a)(2).

> (Motion.)

The People made the following assertions in support of its motion: (i) "There are no additional or different offenses being charged and the substantial rights of the defendant are not prejudiced because the Defendant was put on notice of all the allegations set forth in both Count One and Count Two through discovery and the detailed probable cause Affidavit supporting the original Information."[7] (Motion 2); and (ii) "[T]he number of counts and the applicable penalties are not increased in any way by the amendments to the existing Amended Information." (Id.)

¶ 11    In his opposition, Defendant argued that the Court should deny the People's motion. Defendant made the following assertions in support of his argument: (i) "[T]he added language will serve to inflame the jury and puts Defendant at a serious disadvantage on the eve of trial as it forces him to defend against other accusations that previously were not charged and were not in his trial strategy." (Opp. 1); (ii) "These allegations [in the language of the proposed amended

---

[7] The People referenced: V.I. R. CRIM. P. 3(d); *Gonsalves v. People of the V.I.*, 70 V.I. 812, 848 (V.I. 2019).

amendment] expand the circumstances under which Lyndon Tyson can be found guilty without stating on what dates this conduct alleged occurred." (Id., at 2); (iii) "These allegations [in the language of the proposed amendment] also parrot the statute without stating what the exact conduct Lydon Tyson performed, nor provide dates so that he may mount a defense to this conduct and should be considered additional offenses that would violate [Rule 3(d)]." (Id.); (iv) "Defendant had filed a Motion for Bill of Particulars on April 13, 2022 asking for more dates and eludicating [sic] information and such amended could have been filed then but was not. (Id.); (v) "[A]llowing such an amendment encourages 'trial by ambush' and flouts the rules of criminal procedure."[8] (Id., at 3.)

¶ 12    In its reply, the People reiterated its prior assertions and included the following new assertions: (i) "During witness and trial preparation, the People realized the facts and testimony anticipated at trial will detail illegal conduct within the existing charges not included in the "to wit" charging language of the original or amended information." (Reply 2); (ii) "The original charging document filed by the People on February 3, 2022, included by reference the signed Affidavit dated same setting forth in detail every act of sexual misconduct alleged by the victim and set forth in the proposed Second Amended Information" and therefore, Defendant "has formally been on notice since February 3, 2022, that he is accused of committing all the acts set forth in the Second Amended Information, which are varying modes of committing the crime."[9] (Id., at 3); (iii) "[T]he People tendered original discovery to defense on February 28, 2022, which included, among other items, the Information and Affidavit, arrest reports, VIPD Offense Report, VIPD Supplemental Report, and the video and audio statements of the victim [and] [t]he victim's

---

[8] Defendant referenced: *State v. Robinson*, 2013 Ohio Misc. LEXIS 31379 (Ohio 2013).

[9] The People referenced: *Ramirez v. People*, 56 V.I. 409, 426 (V.I. 2012).

video and audio statements specifically allege every single act of sexual misconduct as set forth in the Second Amended Information" and therefore, "any claim of trial by ambush or secreting of evidence is disingenuous and not consistent with the facts before the Court." (Id.); (iv) "[I]t is necessary to present the entire picture to the jury, and that needs to be done before the Information is read to the jury at the onset of the trial." (Id.)

### a. Standard of Review

¶ 13    Rule 3(d) of the Virgin Islands Rules of Criminal Procedure (hereinafter "Rule 3(d)") provides that "[u]nless an additional or different offense is charged or a substantial right of the defendant is prejudiced, the court may permit an information to be amended at any time before the verdict or finding." V.I. R. CRIM. P. 3(d).

### b. Analysis

¶ 14    "A charge in an information generally provides sufficient notice to a defendant if the offense is alleged 'in the very terms of the statute.'" *Gonsalves*, 70 V.I. at 844 (quoting *United States v. Gooding*, 25 U.S. (12 Wheat.) 460, 474, 6 L. Ed. 693 (1827)). In *Gonsalves*, the Virgin Islands Supreme Court explained that "[i]n determining whether a defendant had been put on notice of the charges, sources in the information extrinsic to the specific count can be used to determine whether the defendant was sufficiently apprised of the offense charged." *Id.* (internal quotation marks omitted). "Generally, an information provides sufficient notice if it sets forth the offense in the words of the statute itself, as long as those words of themselves fully, directly, and expressly, without any uncertainty or ambiguity, set forth all the element necessary to constitute the offense intended to be punished and must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charge." *Id.*, at n.21 (internal quotation marks omitted).

¶ 15    In this instance, the Court finds that Defendant had been put on sufficient notice of the language of the proposed amendment to Count I and Count II of the first amended complaint. Police Detective Ellery C. Qualley's affidavit, filed contemporaneously with the information that initiated this prosecution, explicitly described Defendant's alleged sexual conducts which included: (i) "S.P. stated that she remembers licking and sucking [Defendant's] penis" when she was five years old. (¶ 3B); (ii) "S.P. stated that she sucked Mr. Tyson's penis" in December of 2021. (¶ 3C-D); (iii) "S.P stated that Mr. Tyson on prior occasions, has squeezed and sucked her breasts." (¶ 3G); and (iv) "S.P. stated that Mr. Tyson has rubbed his fingers on the top and bottom of her vagina S.P. also stated that he has put his mouth on her vagina." (Id.) These explicit languages in Police Detective Ellery C. Qualley's affidavit provided notice to Defendant that the People were going to rely on these alleged sexual conducts to prove its case against Defendant. *See Gonsalves*, 70 V.I. at 848 (finding the original information and the probable cause affidavit attached thereto together provided the defendant with adequate notice of the charges). The Court must remind Defendant that he, himself, had requested in his motion for a bill of particulars that the People "[d]escribe with specificity the conduct for which Defendant is being charged," and that is what the People have done with the proposed amendment.[10] Furthermore, the Court finds that no additional or different offenses were charged, and the substantial rights of Defendant were not prejudiced. However, the Court finds that the language of the proposed amendment to Count II of the first amended complaint does not track the language of the relevant statute—Title 14 V.I.C. § 1708(a)(2).[11] As such, the Court will not approve the proposed second amended

---

[10] *See supra*, "I. Defendant's motion for a bill of particulars."

[11] Title 14 V.I.C. § 1708(a)(2) defines unlawful sexual contact in the first degree as follows: "[a] person who engages in sexual contact with a person—when the other person is under thirteen years of age…"

information attached as an exhibit to their motion, but grant the People's motion and order the

People to file a revised proposed second amended information.

## CONCLUSION

Based on the foregoing, it is hereby:

**ORDERED** that Defendant's motion for a bill of particulars, filed on April 13, 2022, is

**DENIED**. It is further:

**ORDERED** that the People's motion to amend the first amended information, filed on

October 24, 2022, is **GRANTED**. It is further:

**ORDERED** that the People's proposed second amended information attached as an exhibit

to the People's motion to amend the first amended information, filed on October 24, 2022, is **NOT**

**APPROVED. And** it is further:

**ORDERED** that, **within ten (10) days from the date of entry of this Order**, the People

shall file (i) a redline copy of the revised proposed second amended complaint reflecting the changes made

to the first amended complaint and (ii) a clean copy of the revised proposed second amended complaint.

**DONE and so ORDERED this __17th__ day of March, 2023.**

**ATTEST:**
Tamara Charles
Clerk of the Court

By: _____
Court Clerk Supervisor II
Dated: ___3/17/2023___

_____
HAROLD W.L. WILLOCKS
**Senior Sitting Judge of the Superior Court**